[No. 20450. In Bank. — December 24, 1888.]

THE PEOPLE, RESPONDENT, *v.* A. A. DOANE, APPELLANT.

CRIMINAL LAW — NEW TRIAL — INSUFFICIENCY OF EVIDENCE TO SUSTAIN CONVICTION. — A new trial will not be granted on appeal in a criminal case on the ground of insufficiency of the evidence to sustain the verdict of conviction, when there is evidence of the defendant's guilt.

ID. — INSTRUCTIONS NEED NOT BE REPEATED. — The refusal to give instructions which have already been given in substance is not error.

ID. — EMBEZZLEMENT BY AGENT — EVIDENCE OF OTHER TRANSACTIONS. — In a prosecution for the embezzlement by an agent of a particular sewing-machine, evidence of contracts made by him about certain other machines is admissible for the purpose of explaining the character of the transaction out of which the alleged embezzlement grew.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Black,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J. — The defendant was convicted of the embezzlement of "one sewing-machine," of the value of seventy dollars, the property of one George W. Welch, and appeals from the judgment, and from an order denying his motion for a new trial.

In this case we have examined the entire record (which is in rather a confused condition) several times, and very minutely. At first we were inclined to doubt that there was sufficient evidence to warrant the jury in finding either that defendant embezzled any particular sewing-machine, or that there was an embezzlement of any interest or property of Welch of the value of as much as fifty dollars in any particular sewing-machine, so as to make the crime punishable as a felony. Welch, who was a merchant, had a lot of sewing-machines, and the defendant had been engaged for some time before the alleged embezzlement in selling them under a verbal contract or arrangement between him and Welch, which was somewhat complicated. It was admitted that defendant was to have one half of all the machines were sold for in cash over their original cost price. He had also authority to receive old machines in part payment of the new ones sold by him; and there was a conflict of evidence as to whether or not defendant was to own one half of each old machine thus received, there being nine of such old machines delivered to Welch by defendant, for which the latter had received no credit. And it was contended by defendant that he had such a joint interest in all the machines that there could be no legal embezzlement by

him thereof. That question, however, was fairly put by the court to the jury.

After a thorough examination and consideration of the case, we think that there was sufficient evidence to warrant the jury in finding that there was an embezzlement by defendant of the sewing-machine No. 593,599; that it was of the value of seventy dollars; that it was sold by defendant to a Mrs. Kimball, without the sale being reported to Welch, and with fraudulent intent to secretly convert the proceeds thereof to defendant's own use. At least we are not satisfied that the proof on these points is so weak that we should overturn the verdict. In such cases much must be left to the discretion of the jury, who see the witnesses and deal with the living case, while we can look only at the cold paper record. And as the trial court has the power to grant a new trial for insufficiency of evidence, the responsibility on that point must ordinarily rest with that court and the jury.

We perceive no error of law which would warrant a reversal. Those parts of the instructions asked by defendant and refused, which were correct, were given elsewhere by the court. Instruction No. 1, asked by defendant, was perhaps intended to embody the principle set forth in that clause of section 511 of the Penal Code, which provides that " it is sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable." Defendant was entitled to an instruction giving that clause, or its substance, if such instruction had been asked; but the said instruction No. 1 was incorrect, and properly refused. We think there was no error in overruling the objection which defendant made to evidence of contracts about certain machines other than the one claimed to have been embezzled. This evidence was proper to explain the character of the transaction with Mrs. Kimball.

Judgment and order affirmed.

PATERSON, J., SEARLS, C. J., and SHARPSTEIN, J., concurred.

THORNTON, J., dissenting. — I dissent.

The statute defines embezzlement "to be the fraudulent appropriation of property by a person to whom it has been intrusted." (Pen. Code, sec. 503.)

The statute in regard to embezzlement also contains the following:

" Every person intrusted with any property as bailee, tenant, or lodger, or with any power of attorney for the sale or transfer thereof, who fraudulently converts the same or the proceeds thereof to his own use, or secretes it or them with a fraudulent intent to convert to his own use, is guilty of embezzlement." (Pen. Code, sec. 507.)

" Every clerk, agent, or servant of any person who fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care by virtue of his employment as such clerk, agent, or servant, is guilty of embezzlement." (Pen. Code, sec. 508.)

There must be under the foregoing sections, to constitute embezzlement, either a fraudulent conversion of the property, or of the proceeds of the same, or a secreting of the property or the funds with a fraudulent intent to convert it or them to his own use.

If property is intrusted to another with any power of attorney to sell it or transfer it, and he converts the same or the proceeds of such property to his own use, or secretes it or them with a fraudulent intent to convert it to his own use, he is guilty of embezzlement.

The same is the rule in regard to any agent in regard to any property which has come into his hands by virtue of his employment as agent.

The property in the case under consideration came into the hands of defendant by virtue of his employment as agent.

The defendant Doane was accused by information of embezzling and converting to his own use, on the 30th of April, 1887, a sewing-machine of the value of seventy dollars, the property of George W. Welch, which before that time had been intrusted to him by Welch as his agent for the purpose of sale. On the trial defendant was convicted as charged, a new trial was moved for and denied, judgment was pronounced, and Doane prosecutes this appeal from the judgment and order.

It is argued that the verdict is contrary to the evidence.

On an examination of the testimony appearing in the record, made with great care, I am of opinion that this contention must be sustained.

In considering this point, I take the strongest case made by the testimony, or which it tends to make, against the defendant. Viewing the case in this aspect, the record shows that Welch, who was a merchant in San José, in connection with his business had sewing-machines for sale, and employed defendant as agent to sell these machines for him. They were of the kind known as the White sewing-machine. The contract between Welch and Doane, under which the latter acted as agent for the sale of these machines, was as follows: Doane was to sell the machines, and report all sales to Welch or his book-keeper. The machines were to continue to be the property of Welch until sold and paid for. Doane had the right, on making a sale, to take old machines in part payment, which old machines were to continue to be the property of Welch until sold. Doane's payment for his services on making sales was to be one half of the sum received for each machine over and above the cost price; when old machines were taken in payment, Doane was to receive one half of the amount realized on such sale, provided he (Doane) made sale of such old machines; if he did not sell such old machines, and they were sold by another agent, the latter received the one half referred to, the other half in all cases going to Welch.

Doane reported a sale to Welch of a machine to one A. Sanches, and that he had received of Sanches fifteen dollars in part payment, and an old machine of the Remington pattern taken in part payment at the price or value of seventeen ($17) dollars. The money and machine so received were paid over and delivered by Doane to Welch. When Doane reported this sale, he produced a contract purporting to be signed "A. Sanches." The contract set forth a sale of the machine of the White pattern, numbered 593,599, to Sanches by Doane for sixty-five dollars; a payment of fifteen dollars in cash and a Remington machine valued at seventeen dollars; and that the remainder of the sixty-five dollars was to be paid in monthly installments of five dollars each.

When the payment became due under this contract, Welch notified Sanches, according to the address of the latter, Mountain View, as given by Doane. He addressed him also at Saratoga, and got no return from either notice. He afterward found this machine at the house of a Mrs. Kimball in Santa Clara County. This machine so found had the same number, 593,599, which Doane reported as having been sold to Sanches.

There is evidence in the record, which must be held to be true in the manner in which I am considering this case, that Doane, on the 30th of April, 1887, sold this machine to Mrs. Kimball for seventy dollars, of which sum she paid him thirty dollars in cash, delivered to him in part payment an old Remington machine, and an old Wilson machine, and was to pay him five dollars in sewing. This sale to Mrs. Kimball he never reported to Welch, but it appears clearly that the Remington machine so received was delivered by Doane to Welch, as above stated, and that fifteen dollars was paid Welch by Doane at the time of the delivery of the Remington machine.

I say it appears clearly that this latter machine was delivered for the reason that it was identified by Mrs.

Kimball as the machine delivered by her to Doane, and there is no evidence to the contrary. I think it must also be held that the fifteen dollars paid to Welch, as above stated, was a part of the thirty dollars received from Mrs. Kimball. I consider it an established fact, also, that Sanches was a myth, and that no sale was ever made to him.

It further appears that Doane reported to Welch a sale of a machine as made to Mrs. Jennie Smith, on which he had received in part payment the old Wilson machine above mentioned, which, in fact, he received from Mrs. Kimball. This last machine was delivered to Welch as coming from Mrs. Smith. In fact, there was no sale ever made by Doane to Mrs. Smith.

There is testimony that Doane was paid by Welch, compensation for his services on the reported sale to Sanches, $8.75, and on the sale to Mrs. Jennie Smith, $12.50. The payment of the sum of $21.25, in compensation for services to Doane, is established by the evidence.

There were four contracts of sale of machines reported by Doane to Welch as having been made by the former, but which I hold were never made. One of these was reported as a sale to a man named Davis, which Davis never got. After a dispute about this business of sales by Doane had arisen between him and Welch, Doane informed Welch that the machine reported as sold to Davis was at a house on the Monterey road, and Welch got it.

It is clearly shown that Welch got all the old machines which Doane had taken in payment. It is not pretended that Doane had embezzled any other machine than the one the number of which is given above, and which was found at Mrs. Kimball's house, and was sold to her.

Doane admits the sale to Mrs. Kimball of a machine for sixty-five dollars, of which he received thirty dollars in coin, and an old Remington, and an old Wilson machine,

of which he testified he paid over fifteen dollars to
Welch, and delivered to him the Remington machine.
The old Wilson machine, he says, he broke up as worth-
less, and sold for old iron at a cent and a half per pound.

He testifies that he sold a machine to a man who told
him his name was Sanches; that the man signed the
contract, which he reported and delivered to Welch, but
that he had never been able to find him, though he had
made strenuous efforts to do so.   He insinuates that the
number of the machine found in Mrs. Kimball's posses-
sion had been changed.   But I regard it as proved that
no sale was ever made to Sanches, and that the machine
reported as sold to Sanches was sold to Mrs. Kimball.
All the machines can be accounted for without a sale to
Sanches.   In fact, it is immaterial, in the view I take of
the case, to whom the sale was made.   The evidence in-
controvertibly establishes, in my opinion, that after the
sale of the machine, as above stated, Doane paid over to
Welch a part of the proceeds of the machine, and though
he may have embezzled a part of the proceeds of the sale
of the machine, he did not embezzle this machine or any
other.

Welch testifies that he paid him fifteen dollars, and
delivered to him the Remington machine, and that he
also delivered the Wilson machine.   These machines
were received on the sale of the machine numbered as
above to Mrs. Kimball, the only machine that there is
any charge that Doane embezzled.   This machine was
sold on the 30th of April, and the fifteen dollars paid
over to Welch by Doane on the same day.   There is no
evidence that he received any money on any other ma-
chine at or about this time.   Therefore it must be held
that this sum was paid on the sale of the machine to
Mrs. Kimball.   Welch, speaking of the sale of this ma-
chine, testified that he was out thirty-five dollars on the
transaction.   The sale was made for seventy dollars, of
which Welch got the Remington machine, taken from

Mrs. Kimball for twenty-five dollars, and the Wilson machine, taken from the same person at five dollars. Welch then received of Doane on this sale fifteen dollars in money and thirty dollars in machines, and deducting these amounts (they aggregate forty-five dollars), Welch received all but twenty-five dollars.

Or take the evidence of Welch's book-keeper: he says Doane paid in $15, and the Remington machine at $17; that Doane was allowed in compensation for the reported sales to Sanches and Mrs. Kimball $21.25. Now, putting the White machine sold at $70, and deducting therefrom the amount paid in in money and machine, $32, will leave $38 not paid in; charging Doane with $21.25 received as compensation above mentioned will reduce the amount paid in from $32 to $10.75, which leaves (deducting $10.75 from $70) $59.25 not paid in. But really the Remington machine was taken at $25, and not $17. This is established by Mrs. Kimball's testimony, and admitted by Doane in his testimony. Then putting the Remington at $25 will make the amount paid in $18.25, leaving only ($70 less $18.25) $51.75 of the proceeds of the machine not paid in.

Take the testimony of Doane, and that shows that a part of the proceeds of this White machine was paid in, leaving a balance unaccounted for.

It must be conceded that Doane deceived his employer, that he rendered false accounts to him of the sale of this machine and of others, but the above do not constitute embezzlement of the machine, which was actually sold, and part of the proceeds paid over. Doane had authority to sell, and did sell, the White machine. If anything was embezzled by Doane, it was part of the proceeds of the machine sold. I do not intend by this to say that he embezzled anything, but if he did embezzle it was not the machine.

I see no evidence that Doane converted this White machine with intent to embezzle it. Such intent is disproved by his paying over a part of the proceeds. As

Doane did not embezzle this machine, I cannot see how under the information he could be convicted. Conceding that he embezzled a portion of the proceeds of its sale, he cannot for this offense be convicted under the information, which was for embezzling the machine. The case is one presenting a material variance between the offense charged and the offense found,— between the information and the evidence,— on which a conviction should not have been allowed.

In this view, the direction of the court below to the jury, given in the following language: "If you find from the evidence that the machine in question was so received by defendant, and that he sold it to one Mrs. Kimball for the sum of thirty dollars, and two old machines and five dollars' worth of sewing for Doane, and that he reported to Welch that he had sold said machine to one A. Sanches for the sum of fifteen dollars in cash, an old machine, and a contract for the payment of a sum in installments of five dollars per month, and only paid over to Welch fifteen dollars of the thirty dollars received from Mrs. Kimball, and the machines received by her as coming from another, with the intent to defraud Welch, and did not report said sale to *Kimball*, the defendant is guilty of the offense of embezzlement," — was misleading, and therefore erroneous.

The court tells the jury that on the facts stated in the direction that Doane was guilty of embezzlement. This was so on the facts stated in the direction, but he was guilty only of embezzlement of part of the proceeds of the sale of the machine, but not of the machine itself. The court, by the language used in the direction, left the jury under the impression that if the facts stated in it were true, the defendant, in its opinion, was guilty of the offense charged, viz., of the embezzlement of the machine; whereas on such facts he was not.

My conclusion is, that the judgment and order should be reversed, and the cause remanded for a new trial.

Rehearing denied.