[Crim. No. 1329.    Second Appellate District, Division Two.—May 25, 1926.]

## THE PEOPLE, Respondent, v. EVANS F. GORDON, Appellant.

[1] CRIMINAL LAW—MURDER—DEFENDANT AS WITNESS—INSTRUCTIONS. In this prosecution for murder, where defendant occupied the witness-stand on three occasions and testified at great length, he was not prejudiced by the failure to give his requested instruction to the effect that he was entitled to testify in his own behalf; neither was he prejudiced by the failure of the court to give his requested instruction on the presumption of innocence, the weight to be given his testimony, reasonable doubt, and that he is presumed to speak the truth, where all the rules of law embodied in such requested instruction were given in others.

[2] ID.—POSSESSION OF REVOLVER—PRESUMPTIONS—SELF-DEFENSE—INSTRUCTIONS.—In such prosecution, defendant's requested instructions offered for the purpose of charging the jury that, should they find that the possession of a revolver by defendant at the time of the shooting comported with certain habits, practices, and conditions to which he had testified, such possession should not be deemed indicative of malice toward the deceased, that the jury should consider any explanatory evidence of such possession upon a theory that would admit of defendant's innocence, that one had a legal right to take life in self-defense, and that until proven to the contrary the character for traits of peace and quietude of a defendant on trial for crime must be presumed to be good, were properly refused, where in other instructions given the court definitely and clearly instructed the jury upon every principle of law pertaining to the case which such requested instructions properly suggested.

1.  See 8 Cal. Jur. 314; 14 R. C. L. 752.

[3] ID.—MISCONDUCT OF DISTRICT ATTORNEY—WAIVER.—In this prosecution for murder, it was not necessary to consider in detail defendant's objection on appeal that the district attorney was guilty of misconduct in that during his argument to the jury he brought forth new witnesses and introduced evidence, where no objection was made by counsel for defendant at the time, although ample opportunity was afforded—the alleged objectionable conduct having extended over a considerable period of time, and the record on appeal indicated that counsel for defendant expressly waived any assignment of misconduct.

[4] ID. — IMPROPER CROSS-EXAMINATION — ABSENCE OF PREJUDICE.—In such prosecution, a witness for the defendant having related what he heard someone else say, defendant was not prejudiced by the action of the district attorney in asking questions upon cross-examination suggesting that the person whose statements were repeated was not regarded by those who knew him as reliable, where defendant's objections to such questions were sustained.

[5] ID.—MISCONDUCT OF JUROR—INSUFFICIENT AFFIDAVIT—ALTERATION OF STATEMENT.—Affidavits upon information and belief are not competent evidence to support charges of misconduct on the part of a member of the jury; and an affidavit solemnly made and regularly filed in court cannot be altered by the mere declaration of counsel that affiant intended to say something entirely different than the statement contained in the affidavit.

(1) 17 C. J., p. 349, n. 93.   (2) 16 C. J., p. 1060, n. 46, p. 1063, n. 85, p. 1066, n. 89, p. 1068, n. 3.   (3) 17 C. J., p. 62, n. 94, p. 169, n. 8, p. 170, n. 12.   (4) 16 C. J., p. 917, n. 67.   (5) 16 C. J., p. 1228, n. 46, 50 New.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur L. Veitch and Stanley E. Tweedy for Appellant.

U. S. Webb, Attorney-General, and Edwin W. Widney, Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was charged by information filed by the district attorney of Los Angeles County with the

3.   See 8 Cal. Jur. 258.
5.   See 8 Cal. Jur. 434.

crime of murder, in that he did wilfully, unlawfully, and feloniously, and with malice aforethought, kill one Joseph E. DeHart, on or about the seventh day of June, 1925. The jury returned a verdict of murder in the second degree. A motion for new trial was presented, which was denied, and this is an appeal from the ruling last mentioned and from the judgment.

It appears that on the night of the occurrence in controversy Gordon, with his wife and child, drove to the DeHart residence on Adams Street, in the city of Los Angeles, for the purpose of attempting to collect the value of a window which the defendant claimed to have been broken in his store by the young son of Mrs. DeHart. Gordon went to the house and knocked, a man appeared at the door, Gordon stated his business, and Mrs. DeHart then appeared. The evidence is squarely contradictory as to the cause and manner of the ensuing tragedy. Evidence offered by the People tended to show that Gordon shot DeHart and killed him inside the house, as a result of an argument, but without provocation, and that DeHart was not armed. The defense was that DeHart was shot by Gordon in self-defense. The latter testified that while talking with Mrs. DeHart concerning his mission a man stepped near the door, but remained back of Mrs. DeHart; that the man began to curse him, and finally drove him from the house; that as the defendant left he saw the man had a revolver; that Mrs. DeHart threw up her arm as though to take hold of the man with her, and said, "Oh, my God! Don't kill this man! Don't shoot this man!" and told him that Gordon was all right; that the man came outside, and the defendant, seeing his own life, as he believed, in danger, procured a revolver which he carried for self-protection because he had considerable money on his person, and fired, intending to shoot the man in the shoulder; that Mrs. DeHart then cried, "You shot my husband; you killed my husband!" whereupon, after some excited controversy and confusion, the evidence of which is not material to the questions here presented, Gordon returned home, where he left his weapon and later surrendered at the police station.

The prosecution contended that the defendant was inside the house at the time of the shooting and that it was he

who did the cursing and that Mrs. DeHart had begged the defendant not to shoot "this man"—her husband.

The first point advanced by appellant involves five requested instructions, each of which it. is contended the trial court erroneously refused to give.

[1] By the first it was stated that the jury would have no right to disregard the testimony of the defendant on the ground alone that he was charged with a crime; that the law presumes a defendant in a criminal case to be innocent until proven guilty; that he may testify in his own behalf, and his testimony should be fairly and impartially considered, together with all the other evidence in the case, and if from all the other evidence the jury entertains a reasonable doubt, he should be acquitted; that the defendant is presumed to speak the truth, and unless such presumption be destroyed by other evidence in the case, the jury must find that he did speak the truth.

A perusal of the instructions given reveals that all of the rules and prnciples of law embodied in the foregoing requested instruction were given in others, with the single exception of the statement that the defendant was entitled to testify in his own behalf. In this case the defendant occupied the witness-stand on three occasions and testified at great length. It cannot therefore be said that he was denied such right, or that the jury could possibly infer from the fact that he did so that he exercised a privilege to which he was not lawfully entitled. The failure to advise the jury that the defendant had a right to be a witness could not, under these circumstances, have prejudiced his case.

[2] The four remaining requested instructions which the trial court declined to give were offered for the purpose of charging the jury that should they find that the possession of a revolver by the defendant at the time of the shooting comported with certain habits, practices, and conditions to which he had testified, such possession on the date of the alleged offense should not be deemed indicative of malice toward the deceased; that the jury should consider any explanatory evidence of such possession upon a theory which would admit of the defendant's innocence; and that one had a legal right to take life in self-defense; that until proven to the contrary the character for traits of peace and quietude

of a defendant on trial for crime must be presumed to be good.

So far as any of these instructions embodied correct statements of the law applicable to this case, they were fully covered by instructions given. It is unnecessary to encumber this opinion with a more extensive detail of the instructions refused, or to quote at length the many that were given. The jury were definitely and clearly instructed upon every principle of law pertaining to the case which any refused instruction properly suggested. Those which did not properly state the principles contended for were correctly refused. (*People* v. *Davis,* 135 Cal. 162 [67 Pac. 59]; *People* v. *Doane,* 77 Cal. 560 [20 Pac. 84]; *People* v. *Wagner,* 29 Cal. App. 363 [155 Pac. 649].) As to the instructions already given, it is a familiar rule that they need not be repeated in the same or different language. (*People* v. *Bringhurst,* 192 Cal. 748 [221 Pac. 897]; *People* v. *Wolfgang,* 192 Cal. 754 [221 Pac. 907]; *People* v. *Loomis,* 170 Cal. 347 [149 Pac. 581]; *People* v. *Feld,* 149 Cal. 464 [86 Pac. 1100].)

[3] It is strongly urged that the district attorney was guilty of misconduct in that during his argument to the jury he is said to have brought forth new witnesses and introduced evidence. It is not necessary to consider this matter in detail, since no objection was made by counsel for defendant at the time, although ample opportunity was afforded. The alleged objectionable conduct of the district attorney extended over a considerable period of time, and counsel for the defendant seems to have had no thought of objecting until when, after a recess, he assigned the argument as misconduct. Another decisive reason why, if error was committed, it is not possible to urge it now, is, that his counsel expressly waived such objection, as will appear from the following. Defendant's counsel made his first objection upon this assignment of error by saying:

"The defendant being in court and the jury present I desire to reserve an exception to all that portion of the argument of the district attorney beginning at the point where he invited the jury to attend upon his argument while he was engaged with some variety of demonstration on People's exhibit, the number of which I do not know. . . .

"The Court: The district attorney was simply following the lead set by the attorney for the defendant.

"Mr. Veitch: I realize that, your honor. And so far as he followed it I have no objection."

It thus appears that the defendant is precluded from urging any objection to the conduct of the district attorney in this behalf in so far as it coincides with the example which the trial court indicated had been set by counsel for the defendant. But the transcript does not contain a report of the argument of defendant's counsel, hence this court cannot say to what extent his conduct was exempt from objection under the waiver above mentioned.

It is also claimed that during the trial a member of the jury indicated the existence in her mind of an opinion adverse to the theory of self-defense as advanced and relied upon by the defendant. While a witness was on the stand one of the jurors asked a number of questions. A careful examination of that portion of the transcript discloses nothing which in our opinion indicates that the juror had formed an opinion upon the subject. The net result of the juror's questions was that in response to them the witness indicated that he had not seen a gun upon the occasion of the shooting, but only a gun-handle, and that he did not know to whom the object belonged.

[4] Other alleged misconduct of the district attorney is not of such character as to be prejudicial to the rights of the defendant. A witness for the defendant who had related what he heard someone else say was asked questions upon cross-examination suggesting that the person whose statements were repeated was not regarded by those who knew him as reliable. Objection to such questions was properly sustained. Other points of this character do not require consideration.

[5] It is suggested that there was serious misconduct on the part of a member of the jury. An affidavit of one Campbell to the effect that during the trial of the case the affiant saw Mrs. Elizabeth F. Ruland, one of the jurors, lay her hand upon the shoulder of Mrs. DeHart, widow of the victim of the homicide, and heard the former say, "Never mind, we will fix him." This is denied in an affidavit of Mrs. DeHart. An affidavit was filed by Mrs. Ruland in which she states that she was informed that an-

other juror, Mrs. DeWinstanley, held a conversation with Mrs. DeHart during the trial. Such an affidavit is insufficient, as it has been held that affidavits upon information and belief are not competent evidence to support charges of misconduct. (*People* v. *Chin Non*, 146 Cal. 561, 566 [80 Pac. 681].) In another affidavit made by the wife of the defendant, it is averred that the affiant saw a juror whom she was informed and believed was Mrs. Ruland place her hand upon Mrs. DeHart's shoulder and say something. It was said by counsel for defendant in the argument on motion for new trial, and is repeated in the brief, that the person intended to be referred to by Mr. Campbell was not Mrs. Ruland, but Mrs. DeWinstanley. We need hardly say that an affidavit solemnly made and regularly filed in court cannot be altered by the mere declaration of counsel that the affiant intended to say something entirely different than the statement contained in the affidavit. We cannot say upon this state of facts that the trial court erred in denying the motion for new trial upon this ground.

The judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.