[Crim. No. 96.    Fifth Dist.    June 12, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS CAR- ROLL BUSH, Defendant and Appellant.

Stephen M. Blumberg, under appointment by the District Court of Appeal, and Pettitt, Blumberg & Sherr for Defendant and Appellant.

Stanley Mosk, Attorney General, Edsel W. Haws and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—Defendant was charged by an information with violation of Penal Code section 245, assault with a deadly weapon, and with a prior conviction of felony in Arizona November 27, 1961, for aggravated assault. Defendant admitted the prior conviction and pleaded not guilty to the charge of violating Penal Code section 245. A jury found him guilty, and he has appealed from the judgment entered pursuant to the verdict.

This appeal emanates from a knifing that took place in the International Pool Hall located in West Fresno in an area known as Chinatown. There was some conflict in the evidence but, stated most favorably to the People (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Sweeney*, 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049]), the facts are these:

Defendant entered the pool hall about 2 p.m. April 16,

1963, walked among the patrons, addressing some of them in a boisterous and threatening manner; at other times talking in a threatening manner but to no one in particular, he said he would use a shotgun on anyone who could whip him. Several times he referred to himself as "the hatchet man." He finally centered his attentions on one Waldo Emerson Porter, Jr., who was playing pool. He first told Porter he had $5 and for him to get some "stuff." Porter asked him what he meant, and also asked him not to embarrass him by asking such questions in the presence of his friends. After replying that he was in the same world with Porter, defendant left, only to return and address Porter in an abusive manner. He took a knife from his pocket and stuck it in the pool table several times, left the vicinity momentarily, returned, and deliberately stepped in front of Porter and either pushed or brushed him. There is conflict in the evidence as to just how the actual combat started, whether Porter struck at defendant, or whether defendant lunged at him, but it is clear that the action occurred very rapidly. Porter received a knife cut on his side, which required 15 stitches.

Appellant asserts two grounds of appeal, first, that he was denied the right to perfect his appeal because the trial judge failed to comply with Penal Code section 1176. This ground of appeal has become baseless by augmentation of the record. The original reporter's transcript and clerk's transcript did fail to reflect either the instructions proffered or those given and refused. However, by twice augmenting the record, we at last have before us all of the instructions requested by both the People and defendant, those given and refused.     Even so, the trial judge's method of designating instructions given and refused did not technically comply with Penal Code section 1176, which provides: "When written instructions have been presented, and given, modified, or refused, or when the charge of the court has been taken down by the reporter, the questions presented in such instructions or charge need not be excepted to; but the judge must make and sign an indorsement upon such instructions, showing the action of the court thereon."

The judge initialed the instructions which he gave, and left unsigned those he refused to give. The failure to endorse and designate "refused" on the instructions he did not give was a technical error on the part of the judge, but the augmented record clearly reflects all of the instructions offered

by both sides, and also which instructions were given and which were refused.

    ■ Technical noncompliance with Penal Code section 1176 in this case cannot be considered reversible error under article VI, section 4½, of the California Constitution, as there is no contention by defendant that the instructions given were incorrect or that they were inapplicable in any respect. Furthermore, the record reflects that every instruction requested by defendant was given.

Even though the error is not reversible, we do not condone the failure of the trial judge to designate on the face of each proffered instruction whether it was given or refused. Not only is the record unnecessarily enlarged, in this instance by augmentation, but counsel and the reviewing court must compare the instructions given as reflected by the reporter's transcript, against all of the instructions proffered, to determine which were given and which were refused.

    ■ Defendant's other ground of appeal is that he "was not adequately represented by the trial counsel appointed by the trial court." He argues that his attorney demonstrated ineptness by not having defendant testify in his own behalf and thereby furnish evidence to support his defense of self-defense. However, when arraigned, defendant admitted a prior felony conviction of aggravated assault committed less than 18 months before the commission of the offense, assault with a deadly weapon, for which he was being tried. This prior felony conviction was not before the jury, and had counsel put defendant on the stand he could have been cross-examined about it. Even were the jury admonished that it was admitted for impeachment purposes only, it would have been damaging to defendant. Also, defendant made contradictory extrajudicial statements regarding the circumstances surrounding the commission of the offense for which he was being tried. Defense counsel no doubt surmised that cross-examination as to these contradictory statements would offset anything defendant might gain by testifying. We cannot say that defendant's counsel acted unwisely, and certainly he was not remiss.

Additionally, as an example of his attorney's alleged lack of proficiency, defendant cites the failure to object when the district attorney referred to defendant as "the hatchet man." Yet a number of witnesses testified that defendant several times referred to himself as the hatchet man when in the International Pool Hall, and there was testimony that

defendant was commonly known in West Fresno as the hatchet man. Since this was defendant's self-chosen sobriquet there was hardly any ground for his attorney to object when reference was made to it.

A number of other instances are cited in which counsel is alleged to have failed to properly protect defendant's interests, but we find them insubstantial. It is not uncommon for one to find things in a record which he would have handled differently had he tried the case. ▮ But an appellant must do more than simply point out that another attorney might have done a better job. To justify a reversal it must be shown that inadequate representation resulted in a miscarriage of justice. (*People* v. *Hughes*, 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33].) Our review of the record indicates that defendant's attorney competently cross-examined the People's witnesses and throughout the trial did about as well as could be expected considering the difficult task which confronted him.

The judgment is affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 5, 1964.