[Crim. No. 9081. Second Dist., Div. Two. Aug. 21, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT ANTHONY LAZARD, Defendant and Appellant.

Edward L. Lascher, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, J.—The evidence in this case abundantly justifies a verdict of guilty for a violation of Penal Code, section 211, by appellant who also admitted three prior felony convictions.

Appellant urges however that a reversal is required because of a technical noncompliance with section 1127 of the Penal Code. This section reads:

"All instructions given shall be in writing, unless there is a phonographic reporter present and he takes them down, in which case they may be given orally; . . . Upon each charge presented and given or refused, the court must endorse and sign its decision and a statement showing which party requested it. If part be given and part refused, the court must distinguish, showing by the endorsement what part of the charge was given and what part refused."

The record before us augmented to include the entire file of the superior court, contains all the instructions which must be considered adequate for the protection of appellant's rights. These instructions in the file are topped by a pink binder containing in print the title of the court and cause with a subheading at the left with the printed words:

$$\text{``instructions } \begin{cases} \text{Given} \\ \text{Refused''} \end{cases}$$

The pink binder is signed by the trial judge.

Attached to and following the pink slip are 15 instructions, all requested by the People. No instructions were requested by appellant. The said instructions are variously numbered. Each one is signed by the trial judge on the line in the right-hand corner at the bottom thereof provided for that purpose.

Each instruction has printed in the lower righthand portion thereof extending from line 32 to line 37 the following:

| Given on Court's Motion | |
| --- | --- |
| Given as Requested | |
| Given as Modified | |
| Refused | |

The instruction which immediately follows the pink slip bears at the top in print the number 51 and has a red check after the word "Refused." None of the other 14 instructions are checked in any of the four places provided. All of them however are signed by the trial judge.

The reporter's transcript does not set forth verbatim, in substance or otherwise, the context of the 14 instructions referred to, but the reporter's transcript and the clerk's transcript each contains the statement that the jury was instructed.

The case law of this state is undoubtedly to the effect that if an instruction is unmarked, it must be deemed to have been refused. (*People* v. *Guiterez,* 126 Cal.App. 526 [14 P.2d 838]; *People* v. *Garcia,* 174 Cal.App.2d 525 [344 P.2d 855]; *People* v. *Bush,* 227 Cal.App.2d 795 [39 Cal.Rptr. 17].)

Section 1127 of the Penal Code, read literally in the light of the case law referred to, seems to lend validity to appellant's point. However, if we accept the literal mandate of the statute as interpreted by the cases, the seeming complexion of the situation impels a conclusion that the jury was not instructed at all. Such a conclusion would impel us to ignore, not only the fact that an inadvertent omission compels us to assume that something happened which didn't, but also compels us to ignore the statements in the reporter's transcript and in the clerk's transcript, each to the effect that the jury was instructed.

We are mindful of the rule announced by the court in the case of *Walsh* v. *Department of Alcoholic Beverage Control,* 59 Cal.2d 757, wherein the court says at page 764 [31 Cal.Rptr. 297, 382 P.2d 337]:

" 'When language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. In other words, criminal statutes will not be built up "by judicial grafting upon legislation . . . . [D]efendant is

entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute.'' ' [Citations.] Indeed, it is 'the policy of California . . . to construe and apply penal statutes as favorably to the defendant as the language of the statute and the circumstances of its application may reasonably permit.' ''

Section 1127 of the Penal Code undoubtedly explicitly requires the trial judge to note upon the proposed instruction his disposition of the instruction. When read together with the notations in the clerk's transcript and the reporter's transcript, the pink slip described convinces us beyond a reasonable doubt that all the instructions attached to it were given to the jury, with the exception of the topmost instruction marked ''Refused.''

Appellant also raises the point that the jury was not properly instructed on the subject of robbery in that the court did not define robbery to the jury. An examination of the record shows that the 11th instruction under the pink slip, one of the 14 instructions referred to, is a complete and adequate instruction on the subject of robbery.

The judgment is affirmed. Appeal from the order denying appellant's motion for a new trial is dismissed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied September 15, 1964, and appellant's petition for a hearing by the Supreme Court was denied October 15, 1964. Mosk, J., did not participate therein.