[S. F. No. 12418. Department Two.—November 19, 1928.]

MARY S. SELLERS, Respondent, v. WOOD HYDRAULIC HOIST & BODY COMPANY (a Corporation) et al., Appellants.

Bronson, Bronson & Slaven, Ray A. Bronson, E. D. Bronson and Myron Harris for Appellants.

Jesse E. Nichols and Ford, Johnson & Bourquin for Respondent.

LANGDON, J.—This is an appeal by defendants from a judgment against them for $20,000 in an action for personal injuries suffered by the plaintiff as the result of an automobile collision at the intersection of Third Avenue and East Eleventh Street, in the city of Oakland, California.

The plaintiff was riding in a Ford coupe driven by her chauffeur. This automobile was proceeding south on the west side of Third Avenue. The testimony shows that as it approached the north curb of Eleventh Street it slowed down and stopped momentarily and then proceeded to cross the street slowly. The defendant corporation's Hudson automobile, driven by its employee, defendant Lynn, approached the crossing along the center of Eleventh Street at a rapid rate of speed, according to the testimony, traveling east and was some sixty or eighty feet west of the intersection at the time the Ford coupe entered it. The testimony shows clearly that the Ford coupe had the right of way over the Hudson automobile approaching from the right. Indeed no argument is made by appellants that the record does not establish the negligence of defendants, but the position is taken that contributory negligence was shown. The day was clear and the street was dry. The coupe had passed the center of the intersection when the Hudson car crashed into it, striking it in the side toward the rear. The Ford coupe was overturned and the plaintiff was seriously injured. In the brief filed by the appellant Lynn but one point is argued; that the plaintiff was guilty of contributory negligence by imputation to her of the alleged contributory negligence on the part of her driver. Appellant Lynn also adopts the points urged by the appellant corporation in its opening brief. The corporation appellant adopts the argument of Lynn on contributory negligence and urges other points of alleged error which we shall consider hereinafter.

There is no merit in the argument that plaintiff was guilty of contributory negligence. It is based entirely upon the proposition that at the time the driver of the Ford coupe stopped before entering the intersection, he did not see the Hudson automobile. It is urged that if he had

looked, he must have seen. This conclusion does not necessarily follow from the record. The evidence shows that he was driving a closed car which must have obstructed the view to some extent (*Marini* v. *Southern Pacific Co.,* 201 Cal. 392 [257 Pac. 74]), and it also appears that the street was obstructed by a large truck. Furthermore, as urged by respondent, it clearly appears from the testimony of disinterested witnesses that even if the driver of the Ford automobile had seen the approaching Hudson car at that time, there would have been no occasion for him to hesitate in crossing for he had the right of way and the Hudson was between sixty and eighty feet away and he could not judge of its speed. The jury has found upon the issue of contributory negligence in favor of the plaintiff and appellants' contention that a verdict should have been directed for the defendants on the ground of contributory negligence is entirely without merit.

■ It is urged upon the appeal that the trial court committed prejudicial error in restricting the cross-examination of the witness Harley. The witness Harley was called by plaintiff for but one purpose, to contradict defendant Lynn as to the presence of a truck which Lynn claimed had backed into the doorway out of which Harley came immediately upon hearing the crash of the collision, and the presence of which truck Lynn claimed had forced him on to the north side of Eleventh Street just prior to the collision. The cross-examination, which was restricted by the trial court, extended entirely beyond the subject of this direct examination and was an attempt to go into what the witness had seen when he left the doorway and went to the scene of the collision. The trial court had a large discretion in the matter of allowing cross-examination and there is no showing made of an abuse of such discretion.

■ It is urged also that the trial court erred in allowing too extensive cross-examination by the plaintiff of the defendants' witness Ginsberg. It is urged that the cross-examination of this witness by the plaintiff extended beyond the scope of the direct examination. Ginsberg was an eyewitness to the accident; he was openly hostile to the plaintiff and there was an attempt made by the plaintiff to impeach his testimony. Under such circumstances a proper

exercise of the discretion of the trial judge would be to allow considerable freedom in cross-examination. ■ However, conceding that the cross-examination permitted in this instance was too broad, the appellants may not avail themselves of the error because of the facts which we shall state. Objection was made by the defendants to some of the cross-examination of this witness, but the objections were overruled. Later in the trial, when counsel for plaintiff stated that it was impossible for him to secure the immediate attendance of a witness upon whom he relied to impeach the testimony of Ginsberg he also stated that under the circumstances he would not delay the submission of the case, but would dispense with the testimony of this impeaching witness and to avoid all question about the matter he would move to strike out the questions and answers of the witness Ginsberg to which objection had been made. Counsel for defendants opposed the granting of this motion and insisted that the testimony objected to should remain in the record. They were told by the court that their action in resisting the motion to strike would preclude them from taking advantage in the future of any alleged error in the admission of the testimony to which objection had been made, but they persisted in their objection to the motion, which was then denied by the court. ■ The position taken by appellants now is that the motion to strike did not particularize as to the portions of the testimony referred to. While, technically, the motion was not made in proper form, it is clear from a reading of the record that the defendants were opposing the motion on its merits and the failure to particularize as to the portions of the testimony referred to cannot be considered as prejudicial to defendants and appellants nor as destructive of the force and effect of their insistence that the testimony remain in the record. The testimony objected to by defendants was permitted to remain in the record upon the insistence of defendants and they should not now be heard to claim that they were prejudiced by the original ruling.

■ It is urged that the trial court erred in failing to immediately direct the jury to disregard a remark of counsel claimed to have been prejudicial to the defendants. Counsel was explaining to the court that it was impossible for him to secure the attendance of a witness upon whose

testimony he relied to impeach the witness Ginsberg and in explaining why this occurred, he said: "I had no idea that the case would be concluded so soon. I thought there would be a defense put in." There is no merit in the contention of appellants with reference to this matter as counsel for plaintiff immediately withdrew the remark and amended his statement when objection was made thereto, thus confessing his error before the jury and the jury in the final instructions were told to disregard all statements of counsel to the court or to each other.

Extended argument is made that error occurred in the giving of certain instructions. The instructions as a whole correctly and fairly stated the law to the jury and the merits of this action are so apparent that technical error in instructions would not warrant a reversal of the judgment.

The claim that the judgment is excessive is clearly without merit. The plaintiff has been put to an expense of over $2,500 for medical attention. She sustained a fractured skull which rendered her unconscious for days and irrational for weeks and at the time of the trial, seven months after the accident, she required a guardian and a constant attendant. The medical testimony was to the effect that she probably never would be able to resume employment requiring concentration. She was a woman about fifty years of age and prior to the accident had been conducting a profitable business. The testimony showed that not only were her mental faculties impaired by the accident, but she had suffered broken bones in her right hand as a result of which the hand was crippled and the fingers stiff and that the teeth in her lower jaw were so loosened and injured as to require extraction. The record shows severe injuries, probably permanent in character, loss of earning capacity, probably for all time, and large expenses incurred by plaintiff as the result of her injury.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.