[Crim. No. 1889. First Appellate District, Division Two.—June 16, 1936.]

THE PEOPLE, Respondent, v. NATHANIEL CRITTENDEN, Appellant.

M. B. Moore and Fred B. Mellmann for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of the crime of robbery. He made a motion for a new trial and also made a motion to set aside the verdict. Both motions were denied. He has appealed from the judgment and the order denying said motions.

The information filed against the defendant alleged that "Nathaniel Crittenden is accused by the district attorney of the said county of Alameda, by this information of the crime of felony, to-wit, robbery, in that on or about the 27th day of October, A. D. 1933 at the said county of Alameda, state of California, he robbed Arthur Davis of $65, more or less, lawful money of the United States, and at the time of the commission of said offense defendant was armed with a deadly weapon, to-wit, a firearm capable of being concealed upon the person without having a license or a permit to carry such firearm". The jury returned a verdict which was as follows: " (1) We, the jury in the above entitled cause, find the defendant guilty of the crime of felony, to-wit: robbery in the first degree as charged in the information. (2) We find the

charge of being armed contained in the first count not true."
(Parentheses ours.)

In his first point the defendant asserts that the verdict returned by the jury is inconsistent and amounts to a verdict of acquittal. In his presentation of this point he frankly concedes that before the year 1935 the first division of the verdict would have been valid as a verdict finding the defendant guilty of robbery in the first degree. It will be noted that the information was in general terms and would have supported a verdict convicting the defendant of either robbery in the first degree or in the second degree, depending on what the jury found the fact to be. It must also be conceded that robbery in the second degree falls within a charge of robbery in the first degree. For some years section 211a of the Penal Code has provided as follows: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree." In 1935 the legislature enacted certain new provisions and certain amendments to the end that the records in penal offenses should contain more on the face thereof denoting with precision the exact nature of the offense, and that the state board of prison directors might be fully informed as to the facts. (Stats. 1935, chap. 603.) Section 969c is a new section that was added. Among other things it is therein provided that "Whenever a defendant is armed with a firearm or other weapon under such circumstances as to bring said defendant within the operation of subdivision 2 of section 1168 of the Penal Code, . . . the fact that the defendant was so armed shall be charged in the indictment or information or complaint". That said section did not purport to add an element to the crime but did purport to add collateral information, is shown by certain provisions of the section. Among other things it is provided, " . . . If the defendant pleads not guilty of the offense charged in any count which alleges that the defendant was armed either at the time of this commission of the offense or at the time of his arrest, or both, the question whether or not he was armed as alleged must be tried by the court or jury which tries the issue upon the plea of not guilty. If the defendant pleads guilty of the offense charged the question whether or not he was armed as alleged must be determined by the court before

pronouncing judgment.'' That language clearly indicates that in the contemplation of the legislature the indictment or information must, as formerly, plead the offense and secondly that it must plead the collateral matter whether the defendant was armed, etc. It also indicates that the plea of not guilty places in issue and the plea of guilty admits whether the defendant committed the offense. Whether the defendant pleads not guilty or pleads guilty in either event the question as to whether he was armed or not armed had to be tried by the court or jury. There was no evidence that the alleged offense was perpetrated by torture. By its verdict the jury found against the defendant on every element constituting the crime of robbery, but, in his favor, it found that the defendant was not armed at the time of the commission of the offense. The last-mentioned finding did not go further than to point to the degree of the offense committed. Therefore we think the record under attack clearly showed a legal conviction of robbery in the second degree and that the conflict in the wording of the verdict was not prejudicial to the defendant.

It is next claimed that the evidence was insufficient. Under that contention the defendant claims that the evidence did not connect him with the offense. He stresses the testimony given by Arthur Davis who testified giving a description of the person who robbed him. It will be conceded that such description was not very exact. However, after his arrest the defendant did considerable talking. In doing so he made several statements which, taken in connection with the description given by Mr. Davis, made a case sufficient to go to the jury on the question of identification, and this court is not at liberty to disturb the finding of the jury which was adverse to the defendant.

The defendant also complains because the trial court overruled his motion for a new trial. He complains because he had set forth newly discovered evidence which would affirmatively sustain his contention on want of identification. We think the point has no merit. The evidence sought to be introduced was to the effect that at the time the offense was committed the defendant did not wear a mustache although Mr. Davis testified that the man who robbed him did wear a mustache. Mustache or no mustache, large mustache or small mustache, was a subject gone into at the time of the

trial. At most the newly discovered evidence was merely cumulative evidence. However, at the time of the trial the defendant testified he wore a small mustache, indicating its size, etc. The newly discovered evidence was to the effect that he did not wear a mustache at all. In the affidavit which the defendant's counsel executed in support of his motion for a new trial, it is alleged that the next day after the trial the defendant stated that during the preceding night he recalled at the time of the offense, October, 1933, he was not wearing any mustache, and that the testimony given by him at the trial was addressed to other times and places. Thereupon counsel for defendant made certain inquiries and obtained certain statements of certain individuals supporting the claim of the defendant. The showing made was such that the trial court did not err in denying defendant's motion for a new trial. (8 Cal. Jur., p. 442, and also p. 427.)

The judgment of the trial court was that the defendant "had been convicted in this court of the crime of felony, to-wit: robbery in the first degree". As we have shown above, after examining the entire cause, including the evidence, the effect of the verdict was to find the defendant guilty of robbery in the second degree. But this conclusion does not require a reversal. This court has been granted the power to modify the judgments of the trial courts. (Pen. Code, sec. 1260; *People* v. *McIntyre,* 213 Cal. 50 [1 Pac. (2d) 443].) On these authorities the words "first degree", as they appear in the judgment, are modified to read "second degree", and as so modified the judgment and order appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 16, 1936.