[Crim. No. 2767.   First Dist., Div. One.   Oct. 10, 1951.]

THE PEOPLE, Respondent, v. JAMES WILSON, Appellant.

James Wilson in pro. per. for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn and Winslow L. Christian, Deputy Attorneys General, for Respondent.

PETERS, P. J.—The defendant appeals from an order denying his motion to vacate several judgments of conviction. The motion was predicated upon the claim that the trial court had no jurisdiction of his person at the time such judgments were rendered. Based on this premise, it is urged that such judgments were void and that, for this reason, the further incarceration of defendant, under such void judgments, violates due process of law.

The record shows that in 1947 in San Francisco defendant was charged with four robberies; that after hearings in the municipal court he was held to answer in the superior court; that thereafter four informations were filed by the district attorney charging the commission by defendant of four armed robberies; that defendant pleaded not guilty to all charges; that the four charges were consolidated for trial; that the jury found defendant guilty on all four charges, and found that defendant was armed with a deadly weapon when such offenses were committed; that on March 24, 1947, defendant was sentenced, three of the sentences to run consecutively, and one concurrently; that such judgments of conviction have long since become final, no appeal having been taken therefrom. No contention is made that the evidence introduced on his trial did not sustain the judgments of conviction.

In May of 1951 defendant moved the superior court to annul and vacate the judgments on the claimed ground that at no time did the court that tried him have jurisdiction of his person. In support of this claim the affidavit of defendant avers that in January of 1947 he was arrested in Stockton without a warrant and without any offense having been com-

718

mitted in the presence of the arresting officers; that he was booked in the city jail for "investigation," and "held for the United States Marshal"; that the next day three San Francisco officers interrogated him at the Stockton jail; that without a warrant and without taking defendant before a magistrate in San Joaquin County on a fugitive warrant, and without defendant's consent, these three officers drove defendant to the San Francisco jail; that thereafter, in San Francisco, he was charged with and convicted of the four armed robberies heretofore mentioned. There is no denial of the truth of these allegations. Admittedly, although represented by counsel, these facts were never called to the attention of the municipal court or of the superior court. It is defendant's theory that, because of these circumstances, the courts of San Francisco at no time had jurisdiction of his person, and that, for this reason, the judgments are void and should be set aside.

It should be mentioned that since 1948 defendant has filed six applications for habeas corpus, five with the Supreme Court of this state, and one with the United States District Court, urging, in one form or another, this same point. All such applications were denied without opinion.

■ This motion to annul and vacate the judgment is in the nature of a writ of error *coram nobis*, and governed by the principles applicable to such writ. *(People.* v. *Gilbert,* 25 Cal.2d 422, 439 [154 P.2d 657]; *People* v. *James,* 99 Cal.App.2d 476, 479 [222 P.2d 117]; *People* v. *Adamson,* 33 Cal.2d 286, 287 [201 P.2d 537]; *People* v. *Adamson,* 34 Cal.2d 320, 324 [210 P.2d 13].) ■ The remedy is available only to vacate a judgment because of facts which existed at the time of trial but were unknown to the court and to the defendant at the time of trial. *(People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13].) ■ Obviously, the facts here charged must have been known to defendant and to his counsel before and during his trial. For this reason alone, the trial court properly denied the motion.

Moreover, assuming the facts to be as averred by petitioner, the superior court nevertheless had jurisdiction of his person. ■ Jurisdiction over the person of an accused is not affected by the way it is acquired, or the manner by which the accused is brought into court. ■ When a person is illegally incarcerated he must take proper steps in the trial court, before trial, to correct the situation. If he proceeds to trial without objection, as he did here, any invalidity in the

proceedings prior to commitment is waived. *(In re Tedford,* 31 Cal.2d 693, 694 [192 P.2d 3]; *People* v. *Youders,* 96 Cal.App.2d 562, 568 [215 P.2d 743]; *In re Edwards,* 99 Cal.App. 541, 544 [278 P. 910, 290 P. 591]; see cases collected 7 Cal.Jur. p. 906, § 51.) This is the rule in practically all jurisdictions. (See cases collected in 96 A.L.R. p. 982.) At this late date the claim of the unlawfulness of the arrest is an immaterial factor so far as the validity of the convictions is concerned.

██ After this appeal was submitted, the petitioner filed a "Motion for Appointment of Referee," which is in reality a motion to take evidence by this court through a referee. All of the evidence which petitioner seeks to have produced relates to his claimed unlawful arrest. There is no necessity for the taking of evidence on this issue. As already pointed out, petitioner's allegations in reference to these factual issues stand uncontradicted. The point is that, admitting the facts to be as alleged by petitioner, nevertheless they do not entitle petitioner to the relief he seeks.

The motion for the appointment of a referee is denied; the order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied October 25, 1951, and appellant's petition for a hearing by the Supreme Court was denied November 7, 1951.