[Crim. No. 3595.   First Dist., Div. One.   Oct. 19, 1959.]

THE PEOPLE, Respondent, v. SAMMY VACA GARCIA, Appellant.

Volney J. Tidball, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

TOBRINER, J.—We find no merit in appellant's asserted grounds of appeal: (1) the alleged illegality of the arrest without a warrant because it was not based upon probable cause and because appellant was not advised of the details of the crime; (2) the failure of the trial judge to endorse appellant's proposed instructions and to note his ruling upon them; (3) the alleged prejudicial error of the district attorney in adducing appellant's prior felony convictions and conducting certain cross-examination; (4) the failure of the evidence to support the verdict; (5) the alleged error in the verdict in that, although the jury found appellant guilty of attempted armed robbery and that he was armed, it fixed the crime in the second degree. As we interpret the verdict in favor of the lesser crime, as we shall point out, we find no ground for reversal in this last regard.

The jury found appellant guilty of violation of Penal Code, section 664 (attempted armed robbery), found appellant was armed, and fixed the crime as above stated. Appellant admitted three prior felony convictions. We recite the facts upon which appellant's contentions rest.

When one Leroy Brouse was held up at his liquor store on Keyes Street in San Jose he heard the robber's gun click, and, assuming it was not loaded, seized the gunman's arm. In the ensuing struggle the gunman broke free, ran from the store, and Brouse pursued him. As he raced down the street Brouse saw a parked car and heard a running motor. Fearing an accomplice in the car, Brouse stopped, but noticed a person behind the wheel and obtained the license number of the car. Upon returning to the store Brouse noted that the glasses and the hat worn by the gunman lay on the counter. Brouse called the police. In response to the call the police took possession of the hat, glasses and gun. The officers broadcast the license number.

The police traced a car with the license number to Joe Massuda. Likewise the police arrested Fred Padilla, appellant's cousin, for investigation of this attempted robbery. In the course of examination, Padilla told the officer that there had been a party at his house on the night of the robbery, that he was sleeping on the couch early that morning and

heard appellant and Massuda enter the house and that they were very excited.

The next day, May 25, 1958, the police arrested appellant without a warrant. Officer Chapman informed him that the crime charged was robbery but did not tell him where the robbery took place or what happened. In response to appellant's demand for an arrest and search warrant Chapman stated that appellant was being arrested for a felony and therefore no arrest or search warrant was necessary.

Within the hour the arresting officer booked a charge against appellant, the details of which were not communicated to him. However, the officers gave appellant a slip of paper upon which was written "Investigation" for violation of Penal Code, section 211. Appellant testified that other prisoners told him that section 211 referred to robbery.

Although they questioned appellant again the next day, the officers did not inform him where the crime took place or what type of store was involved. Officer Chapman testified that the reason for nondisclosure lay in the technique of investigation; that, in any event, at no session did appellant ask about the crime with which he was charged but rather made it obvious through his admissions that he knew exactly where the crime had occurred.

On May 27, 1958, appellant was arraigned in the Municipal Court of San Jose and given a copy of the complaint charging him with attempted robbery of Leroy Brouse. At this time appellant did not ask the court as to the identity of Brouse or the place of the robbery. Appellant, however, testified that the first occasion upon which he obtained knowledge that the crime did involve the liquor store on Keyes Street was the preliminary hearing on June 4, 1958. Although Brouse made no identification of appellant on May 25, 1958, he did so at a subsequent line-up on May 31, 1958, at which he positively identified appellant.

We discuss appellant's five grounds of appeal under their respective headings.

1. *The Alleged Illegal Arrest.*

▆ Appellant's contention of the illegality of his arrest without a warrant because it did not found upon probable cause and because he was allegedly not advised of the reason for it fails on procedural grounds.

Appellant's attack crystallizes into two claims: (1) Padilla's statement to the police as to appellant's excited home-

coming could not furnish the basis for probable cause because Padilla had neither been used as an informer by the police nor was he known to them as a reliable person; and (2) the failure of the police to inform appellant of the victim's identity, the location and type of the store, denied him the protection of Penal Code, section 841, requiring the arresting officer to inform the arrested person of the "cause of the arrest."

Appellant's procedural failure lies in his waiver of the objection at the trial level. The record discloses no motion to quash appellant's arrest either at the time appellant entered his plea or at the trial. The contention that the arresting officers lacked the probable cause which would justify an arrest without a warrant may not now be raised on appeal.

█ Just as a defendant may waive his right to prevent the introduction of illegally seized evidence by failure to object (*Robison* v. *Superior Court* (1957), 49 Cal.2d 186, 187 [316 P.2d 1]), so may a defendant, by failure to move to quash the indictment or information, waive the illegality of an arrest. Justice Peters, denying a writ of error *coram nobis*, stated in *People* v. *Wilson* (1951), 106 Cal.App.2d 716, 718-719 [236 P.2d 9], that, "When a person is illegally incarcerated he must take proper steps in the trial court, before trial, to correct the situation. If he proceeds to trial without objection, as he did here, any invalidity in the proceedings prior to commitment is waived." To the same effect: *People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330] ; *People* v. *Millwood* (1957), 150 Cal.App.2d 154 [309 P.2d 495]. Appellant's citation of *People* v. *Thymiakas* (1956), 140 Cal. App.2d 940 [296 P.2d 4] ; *People* v. *Hudak* (1957), 149 Cal. App.2d 88 [307 P.2d 942] ; and *People* v. *Goodo* (1956), 147 Cal.App.2d 7 [304 P.2d 776], for the proposition that information supplied by previously unused and unknown informers cannot furnish the basis for probable cause does not support his procedurally weak position because in none of these cases did the court discuss whether or not presentment of the issue to the trial court constituted a necessary prerequisite for consideration of the issue on appeal.

### 2. *Failure to Endorse the Proposed Instructions.*

█ The failure of the trial judge to endorse nine of appellant's proposed instructions with his disposition of them does not *per se* entitle appellant to a reversal. (*People* v. *Guiterez* (1932), 126 Cal.App. 526 [14 P.2d 838], holding failure to

endorse instructions nonreversible error in the face of a record showing which were given and which were refused; p. 531.)

While Penal Code, section 1127, explicitly requires the trial judge to note upon the proposed instructions his disposition of the instructions, it is almost a truism, in light of article VI, section 4½, of the California Constitution, that a judgment will not be reversed for technical errors which have not prejudicially affected an appellant's right to a fair trial. Since no prejudice resulted to appellant because of the error in failing to comply with section 1127, as will be shown *infra,* reversal would be improper.

The doctrine of invited error precludes an appellant from predicating error upon instructions which he has himself proposed to the court. (*Gray* v. *Ellis* (1913), 164 Cal. 481, 487 [129 P. 791]; *Blythe* v. *City & County of San Francisco* (1947), 83 Cal.App.2d 125 [188 P.2d 40].) Obviously appellant cannot complain here because instructions may have been rendered which he himself submitted.

However, since the court did not conform to the legislative mandate requiring endorsement of proposed instructions, and since we cannot ascertain from the record whether the instructions were given or refused, we shall, giving appellant the benefit of every doubt, assume the instructions were refused. We shall treat these unendorsed proposed instructions under four dispositive classifications.

First, the two instructions regarding testimony of an accomplice were properly refused since no testimony of an accomplice exists in the record.  "To give instructions not pertinent to the issues involved tends only to confuse the jury, and, instead of enlightening them, serves to impede the administration of justice." (*People* v. *Geibel* (1949), 93 Cal. App.2d 147, 178 [208 P.2d 743], holding instruction improperly given in the absence of evidence to which the jury could apply such instruction.)

Similarly, the court properly refused the proposed instruction on interpreting the evidence favorably to appellant if such evidence is equally susceptible of two interpretations, one of which points to the defendant's innocence. Our evaluation of the evidence convinces us that the prosecution's evidence was susceptible only of the interpretation of defendant's guilt; appellant's, only of innocence. Consequently, as the evidence was actually developed at the trial, the instruction was unnecessary and its refusal not prejudicial.

■ Second, the instructions as to viewing oral admissions of a party with caution and as to attempt were adequately covered by other rendered instructions. Appellant's contention that the instruction on the presumption of innocence was improperly rejected fails in face of the fact that the rendered People's instruction on innocence adequately covered the ground. ■ It is settled that "[w]here all phases of the law are fully covered by other instructions it is not error to refuse another instruction covering the same matter in different language." (*People* v. *Nelson* (1955), 131 Cal.App.2d 571, 575 [281 P.2d 8].)

■ Third, appellant's instructions on the rights of a defendant to summon favorable witnesses and to compel production of evidence involve matters within the province of the court rather than issues to be decided by the jury. (*People* v. *Geibel, supra* (1949), 93 Cal.App.2d 147, 178.)

■ Fourth, the failure to instruct on (1) equality of direct and circumstantial evidence and (2) the duty of the jury to convict upon circumstantial evidence only when such evidence is inconsistent with any other rational conclusion does not constitute error since it is settled that "a court is not required to instruct upon the rules of law applicable to circumstantial evidence which is incidental to and corroborative of direct evidence. . . . The reason for this rule is found in the danger of misleading and confusing the jury where the inculpatory evidence consists wholly or largely of direct evidence of the crime." (*People* v. *Jerman* (1946), 29 Cal.2d 189, 197 [173 P.2d 805].) In the instant matter, the victim, Brouse, positively identified appellant as the robber. Two police officers testified to the admissions of appellant. Thus, the prosecution's evidence consisted mainly, if not entirely, of direct evidence. Therefore, the court did not err in refusing to give these instructions on circumstantial evidence.

Appellant's claim that he was entitled to the rendition of these instructions, premised on *People* v. *Carmen* (1951), 36 Cal.2d 768 [228 P.2d 281], cannot possibly stand in light of other language of that case: "It is a settled rule that jury instructions must be responsive to the issues." (P. 772.)

3. *Prejudicial Misconduct of the District Attorney.*

■ If a defendant in a criminal prosecution takes the stand in his own behalf he may be impeached by a showing of prior convictions of felony. (*People* v. *David* (1939), 12 Cal.2d 639, 646 [86 P.2d 811].) The fact that defendant

admits the prior conviction in pleading to the information does not extinguish the prosecution's right to impeach on this ground. (*People* v. *Chapman* (1947), 81 Cal.App.2d 857, 863 [185 P.2d 424].) ▮ Thus the district attorney's questions as to appellant's three prior felony convictions did not constitute misconduct.

▮ Appellant also claims misconduct in the cross-examination because of the following question: "Isn't it a fact that you showed that [gun] to Joe Massuda earlier in the evening? A. No." Since on direct examination appellant denied ever having seen the gun, the question fell within the scope of the direct, even under the California rule of restrictive cross-examination. (Witkin, California Evidence (1958), § 627, p. 674.) Moreover, the latitude permitted in cross-examination of a witness lies in the discretion of the trial court. (*Sellers* v. *Wood Hydraulic H. & B. Co.* (1928), 205 Cal. 519 [271 P. 1055]; *People* v. *Estrella* (1953), 116 Cal.App.2d 713 [254 P.2d 182]; Witkin, California Evidence (1958), § 625, p. 672.) Nor do the cases support appellant's contention that a question cannot be asked on cross-examination unless the cross-examiner at some time attempts to prove the truth of the subject matter to which it refers.

▮ Appellant's last point of alleged misconduct is equally ineffective. Officer Chapman testified to certain admissions of appellant. Appellant, taking the stand, denied these admissions. After laying the proper foundation the prosecution cross-examined appellant as to the admissions. He still denied them. Officer Petersen, called in rebuttal, testified to the admissions, and appellant claims this testimony constituted improper rebuttal.

Upon the establishment of a proper foundation a witness may be impeached by prior inconsistent statements. (Code Civ. Proc., § 2052.) The record shows that foundation here. In *People* v. *Coutcure* (1915), 171 Cal. 43 [151 P. 659], which involved a similar situation, the court, rejecting the claim of improper rebuttal, stated: "The witness was called only for purposes of impeachment, and obviously the prosecution was not in a position to impeach the testimony of one who had not spoken. Therefore, the witness was properly called after the defendant had testified." (P. 49.)

4. *The Failure of the Evidence to Support the Verdict.*

▮ It is axiomatic that since the jury determines the credibility of witnesses and the weight of the evidence, the

verdict of guilty stands if supported by substantial evidence. (*Pfingsten* v. *Westenhaver* (1952), 39 Cal.2d 12, 19 [244 P.2d 395]; *People* v. *Hampton*, 47 Cal.2d 239 [302 P.2d 300].) The mere recitation of the facts initially set out in this opinion discloses the substantial nature of the evidence which supports the verdict.

While appellant now raises certain issues as to his identification at the line-up of May 31, he made no objection to the identifying testimony of Brouse and Officer Chapman. Failure to object to such testimony has been held to constitute a waiver. (*People* v. *Bennett* (1953), 119 Cal.App.2d 224, 226 [259 P.2d 476]; *People* v. *Slobodion* (1948), 31 Cal.2d 555, 559 [191 P.2d 1].) In any event, failure to object to the introduction of the evidence at the trial waives the issue on appeal. (*People* v. *McMonigle* (1947), 29 Cal.2d 730, 743 [177 P.2d 745].)

5. *Error in the Verdict.*

Appellant points out that the jury found him guilty of attempted armed robbery, that he was armed, and fixed the degree of robbery in the second degree.

Appellant contends that the validity of the verdict bears upon the term of sentence in that section 213 of the Penal Code provides that robbery in the first degree carries punishment by imprisonment for not less than five years while robbery in the second degree fixes imprisonment for not less than one year. Section 664 of the Penal Code fixes punishment for attempts on a scale related to the term of imprisonment prescribed for conviction of the offense.

Although the jury evidently found appellant "was armed," it found that the attempted robbery was of the second degree which excludes perpetration of the offense "by a person being armed." (Pen. Code, § 211a.) The finding of guilt of second degree obviously favored appellant, subjecting him to a shorter length of servitude under Penal Code, section 664. Appellant cannot properly complain of a verdict which was more favorable than either the apparent view of the jury or the evidence. (*People* v. *Muhlner* (1896), 115 Cal. 303 [47 P. 128]; *People* v. *Coulter* (1904), 145 Cal. 66 [78 P. 348]; *People* v. *Hamilton* (1920), 49 Cal.App. 30 [192 P. 467]; see also *People* v. *O'Neal* (1934), 2 Cal.App.2d 551 [38 P.2d 430]; *People* v. *Crittenden* (1936), 14 Cal.App.2d 589 [58 P.2d 680].)

Appellant's second complaint respecting the verdict concerns his claim that the finding of the jury that he was armed

with a deadly weapon, which is inconsistent with the conviction of second degree robbery, increases his possible term of imprisonment under section 3024 of the Penal Code. The verdict however, of attempted second. degree robbery, negating the fact that appellant was armed, favored appellant. It fixed the offense in a lesser degree. We so interpret the verdict. To the extent the verdict could be interpreted to sanction imprisonment for the time specified in section 3024 the portion of it referring to the defendant's being armed must be disregarded. Under these circumstances, appellant cannot complain.

We affirm the judgment.

Bray, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied November 9, 1959, and respondent's petition for a hearing by the Supreme Court was denied December 16, 1959.