[Crim. No. 8820.   Second Dist., Div. Two.   Oct. 10, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE HENRY MORRIS, Defendant and Appellant.

John W. Loucks, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant herein appeals from the judgment of conviction entered after a jury trial in which he was found guilty of selling marijuana in violation of section 11531 of the Health and Safety Code and of possessing marijuana in violation of section 11530 of said code. Appellant admitted a prior conviction of possession of marijuana.

In conformity with the holding in *Douglas* v. *California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], counsel was appointed to represent appellant on this appeal. Counsel thus appointed has demonstrated his clear appreciation of his responsibility as an advocate for the accused by filing a brief on appellant's behalf which accurately summarizes the relevant facts revealed by the record and which correctly states the principles of applicable law. Counsel, after carefully examining the matter, has demonstrated his commendable determination to maintain the integrity of his profession by advising this court that he has been unable to find any error in the proceedings.

The record reveals that Officer Savage, a Los Angeles County deputy sheriff, testified that on August 20, 1962, he

and a named informant visited appellant at his residence and purchased five marijuana cigarettes and four "rolls" of nembutal capsules. Prior to departing, the officer asked appellant to get him a larger quantity of marijuana. Appellant replied that possibly he could and suggested that the officer return on the following day.

However, when the officer returned the following day, appellant met him at the back door of appellant's residence, stated that he did not have the requested narcotics, that he couldn't get them and that he was going out of business temporarily because it was "getting too hot" for him and he was afraid the "heat" was watching him. Appellant promised the officer that he would notify the informant when he resumed his operations.

Upon receiving this information, Officer Savage signaled to other officers who were maintaining surveillance of the proceedings. As the other officers ran toward the building, Officer Savage saw appellant glance in their direction and then start to close the door. He shouted that he was a police officer and that appellant was under arrest. The approaching officers also called out their identity. Appellant, however, succeeded in slamming and locking the door. The officers immediately forced entry and after a brief struggle succeeded in effecting appellant's arrest. The premises were then searched and a marijuana cigarette butt was found in an ash tray on a dresser in the rear bedroom.

Appellant admitted during his testimony that at the scene he had told the officers that he occupied the front bedroom, whereas, in fact, he occupied the rear bedroom. He also testified that his parents, the other occupants of the residence, had no connection with narcotic activities. He denied selling court were of the opinion that the evidence produced by the marijuana cigarettes and nembutal pills on August 20, 1962, and testified that the narcotics found in his bedroom on the 21st had been planted there by the officers.

■ Manifestly, the evidence was more than sufficient to sustain appellant's conviction on both counts, and the determination of the credibility of the witnesses was solely within the province of the trier of the facts. "Even if this court were of the opinion that the evidence produced by appellant was reconcilable with innocence, if the jury, on conflicting evidence, has found to the contrary, the reviewing court is powerless to interfere. [Citations]." (*People* v. *Kemp,* 55 Cal. 2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913].)

■ Since appellant had committed a felony in selling the narcotics to Officer Savage the previous day and had been advised of the officers' identity and the fact that he was under arrest before he slammed the door and locked it, the officers' immediate forced entry to effect the arrest was entirely proper. (Pen. Code, §§ 841, 844.) ■ The search of the premises where the lawful arrest was made, and made contemporaneously therewith, was equally proper. (*Ker* v. *California,* 374 U.S. 23, 41 [83 S.Ct. 1623, 10 L.Ed.2d 726, 742-743], and cases cited therein.) ■ In addition, since no objection was made at trial, either with respect to the lawfulness of the arrest, or to the receiving in evidence of the contraband found in appellant's bedroom, such objection cannot be presented for the first time upon appeal. (*People* v. *Garcia,* 174 Cal.App.2d 525, 530 [344 P.2d 855].)

Upon cross-examination, after appellant had denied making the sale of narcotics on the day preceding his arrest, he admitted that he knew that "zigzag cigarette papers" were used to roll marijuana cigarettes and that tinfoil was used in forming "rolls" of pills, but he denied that he had kept any such items in his bedroom. By way of rebuttal, one of the arresting officers identified certain cigarette papers and tinfoil that he had found in appellant's bedroom dresser. No objection was made to this testimony, nor to the introduction of these items into evidence. While these articles might well have been introduced by the prosecution during its case in chief, it is very doubtful that their introduction by way of rebuttal could be considered erroneous under the circumstances. In any event, objection thereto may not now be raised for the first time on appeal. (*People* v. *Rosoto,* 58 Cal.2d 304, 343 [23 Cal.Rptr. 779, 373 P.2d 867].)

The judgment is affirmed. The attempted appeal from the order denying appellant's motion for a new trial is dismissed.

Fox, P. J., and Ashburn, J., concurred.