[Crim. No. 4282. Fourth Dist., Div. One. Apr. 21, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL ALBERT REBELES, Defendant and Appellant.

**COUNSEL**

Robert E. Rounds, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**AULT, J.**—Defendant Manuel Albert Rebeles appeals from a judgment of conviction entered after he pleaded guilty to robbery (Pen. Code, § 211) and was sentenced to state prison. The judgment of conviction included an express finding he was armed with a firearm at the time of the offense within the meaning of Penal Code sections 12022.5 and 1203. The effect of the finding is to increase defendant's term of imprisonment by at least five years (Pen. Code, § 12022.5) and to make him ineligible for probation

in the event he is convicted of a further offense in the future. (Pen. Code, § 1203; *People* v. *Floyd,* 71 Cal.2d 879, 884 [80 Cal.Rptr. 22, 457 P.2d 862].) His contentions on appeal deal only with the propriety of this finding, and the appeal is properly taken without compliance with Penal Code section 1237.5.

■ We have concluded the finding defendant was armed with a firearm at the time of the offense within the meaning of Penal Code sections 12022.5 and 1203 was improper and that it should be stricken from the judgment.

A complaint was filed in the Municipal Court of the San Diego Judicial District charging defendant with three counts of robbery. Counts 2 and 3 each alleged he was armed with a deadly weapon at the time he committed the offense charged; count 1 did not.[1] Defendant waived a preliminary hearing and, as a result of a plea bargain, entered a plea of guilty to count 1. Both the People and the defendant stipulated the offense was second degree robbery. On inquiry, the court ascertained defendant understood the maximum sentence which could be imposed was "one to ten." His attorney corrected him and stated, "I have advised him this morning that it is not less than one year, and that it is going to be stipulated second degree." The deputy district attorney replied: "That is correct, your Honor." Nothing was mentioned about Penal Code section 12022.5 or the possibility of an additional five years imprisonment. Pursuant to the plea bargain, counts 2 and 3 of the complaint were dismissed upon motion of the People.

After an arraignment in the superior court, an unfavorable probation report was filed, recommending denial of probation and commitment to prison. The report summarized all the robberies with which defendant had been originally charged.[2] After discussing the last two robberies, which oc-

---

[1] The charging portion of the complaint read:

"COUNT ONE: On or about April 11, 1970, MANUEL ALBERT REBELES did feloniously rob a person of personal property by means of force and fear, in violation of Penal Code section 211.

COUNT TWO: On or about April 11, 1970, MANUEL ALBERT REBELES did feloniously rob a person of personal property, by means of force and fear, in violation of Penal Code section 211.

And, it is further alleged that the defendant committed the above robbery while armed with a deadly weapon.

COUNT THREE: On or about April 11, 1970, MANUEL ALBERT REBELES did feloniously rob a person of personal property, by means of force and fear, in violation of Penal Code section 211.

And, it is further alleged that the defendant committed the above robbery while armed with a deadly weapon."

[2] The report reads:

"The following summarization was prepared from material contained in the files of the District Attorney's Office:

"At about 6:10 p.m. on April 11, 1970, John William Bray, 17, a high-school boy, was hitchhiking in the Clairmont area of San Diego. He was picked up by two men in a

curred simultaneously but involved two victims, the report stated: "Both victims reported spotting what looked like a .38 caliber revolver stuck in the suspect's belt." Based upon this statement in the probation report, and nothing more, the superior court judge who sentenced defendant found he was armed with a firearm within the meaning of Penal Code sections 12022.5 and 1203 at the time he committed. the offense charged (count 1). However, he fixed the degree of the offense at second degree.

Defendant was represented at the sentencing hearing by an attorney who was not present when the plea to count 1 was entered in municipal court. When the court announced the decision to include the finding defendant was armed with a firearm, at the time he committed the offense charged, in the judgment, the attorney's only response was to state the defendant had denied he was armed, both in private and to the police. The judge replied: "As between the statements of *the victims* and Mr. Rebeles, I'm going to take the statements of *the victims. They both* indicated that he had what appeared to be a pistol in his waistband, and that will be the ruling of the Court." (Italics supplied.) No testimony was taken on the issue, and the probation report, upon which the court necessarily relied for its finding, was not offered or received in evidence.

Comparison of the complaint and the appropriate paragraphs of the probation report (taken from the district attorney's files), both of which we have set out in footnotes, indicate the trial judge was confused. Contrary to his statement, there were no "victims," but a single "victim" involved in count 1. The first paragraph in the probation report clearly states the facts which were the basis of the robbery charged in count 1. Nothing in the paragraph indicates defendant was armed at the time of the offense described. Consistent with these facts, count 1 of the complaint did not allege the defendant was armed at the time of the offense charged. Equally consistent, the People,

---

1957 Chevrolet. They drove him about six blocks, then stopped. The driver turned around, grabbed the boy by the shirt, and told him to empty his pockets. The boy complied by handing over his wallet containing $3. The suspects then told the victim to get out of the car. When he did, they drove off. The victim later positively, and without any hesitation, identified Rebeles from photographs as the driver of the car and the one who robbed him. He also said that Rebeles' left hand was cut and wrapped.

"About two hours later, Dennis Lee Seats, 24, and Michael Conroy, age unknown, were sitting on a park bench in Presidio Park. A man fitting Rebeles' description came up behind Seats, grabbed him around the throat, knocked him to the ground, and held what appeared to be a knife at his throat. He then told Conroy to "put his junk on the bench and split." Conroy complied, then fled. His wallet contained $13 and a couple of credit cards. Upon Conroy's departure (to seek police help), the suspect took Seats' wallet and told him to "split." His wallet contained $2. Both victims reported spotting what looked like a .38 caliber revolver stuck in the suspect's belt. They also said he had alcohol on his breath."

at the time defendant entered his plea of guilty to count 1, stipulated the offense was second degree robbery.

It is also apparent the second paragraph of the probation report, including the statement "Both victims reported spotting what looked like a .38 caliber revolver stuck in the suspect's belt." involves a single episode but two robbery victims, and is the basis for counts 2 and 3 of the complaint. The second paragraph contains the information the defendant was armed with a revolver at the time the two robberies were committed. Consistent with these facts, counts 2 and 3 allege defendant was armed with a deadly weapon at the time he committed the robberies described.

The conclusion is inescapable the trial judge based the finding defendant was armed with a firearm within the meaning of Penal Code sections 12022.5 and 1203 upon facts which related to counts 2 and 3. These counts had been dismissed by the court on motion of the People. Even assuming a probation report, *not received in evidence,* may be used for the purpose for which it was employed here, nothing contained in the report supports the trial court's finding defendant was armed with a firearm when he committed the robbery charged in count 1. Obviously, the finding cannot be predicated on facts which involve crimes other than the one for which defendant was sentenced.

Furthermore, the finding defendant was armed with a firearm at the time he committed the offense charged is inconsistent with the court's finding the crime was second degree robbery. Had a similar inconsistency been arrived at by verdict, the law would require the inconsistent finding increasing defendant's punishment to be disregarded. (*People* v. *Garcia,* 174 Cal.App. 2d 525, 535 [344 P.2d 855].)

Penal Code section 211a reads in pertinent part: "All robbery which is perpetrated . . . by a person being armed with a dangerous or deadly weapon, . . . is robbery in the first degree. All other kinds of robbery are of the second degree." When the People stipulated the offense to which defendant pleaded guilty was second degree robbery (count 1), they, in effect, stipulated defendant was not armed with a dangerous or deadly weapon at the time he committed the robbery. A firearm is a dangerous or deadly weapon. We think the stipulation, part and parcel of a negotiated plea bargain, conclusively precludes the People from later showing for any purpose that defendant was armed at the time he committed the offense. Any other conclusion would violate both the terms and spirit of the plea bargain.

What we have said makes it unnecessary to discuss defendant's further

contention the court's finding cannot stand because count 1 of the complaint does not allege he was armed at the time of the offense.

■ Defendant's contention he should be resentenced and probation should be considered is without merit. At the time of sentencing, the trial judge made it unequivocally clear he was denying the application for probation, not because defendant was ineligible but because he was not entitled to probation on the basis of his past record. In this connection, the court stated: "Well, in this case, Mr. Rebeles has been in constant difficulty, just one instance after another. He has shown an absolute contempt for the law and for the rights of other people. He is violent in nature. He attacked a person in jail. I understand that that person's jaw was broken. That person was so terrified that he wouldn't even notify authorities until he was out of jail. . . . The probation report has nothing to commend Mr. Rebeles. It is one of the few times that I will be sentencing a person to jail that I am doing it solely for the benefit of society and not for the benefit of the individual involved, but for the safety of people at large."

The information contained in the probation report amply supports the views expressed by the trial judge. To send defendant back to the superior court for resentencing under these circumstances would be a useless act and would involve needless expense and risk.

The judgment of conviction is modified by striking all reference to the defendant being armed at the time he committed the offense charged. As so modified, the judgment is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.