Filed 8/20/14  In re K.P. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> K.P., <br><br> Defendant and Appellant. | F068342 <br><br> (Super. Ct. No. JJD066152) <br><br> **OPINION** |

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Hugo J. Loza, Temporary Judge (pursuant to Cal. Const., art. VI, § 21).

Conness A. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]     Before Gomes, Acting P.J., Kane, J. and Detjen, J.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Leanne Le Mon, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

K.P., a minor, appeals from a dispositional order issued by the juvenile court following its determination that she violated Penal Code section 29610 (minor in possession of a firearm capable of being concealed on the person) and Health and Safety Code section 11357, subdivision (b) (possession of less than 28.5 grams of marijuana). In addition to ordering short-term placement in a local youth facility, the juvenile court imposed terms and conditions of probation requiring that the minor "not possess, own, or handle any firearm, knife, weapon, fireworks, explosives, or chemicals that can produce explosives." K.P. now contends that her case should be remanded because the juvenile court failed to declare whether the firearm offense constituted a felony or a misdemeanor as required by Welfare and Institutions Code section 702.[1] She also claims the probation condition regarding the possession, ownership, or handling of knives is unconstitutionally vague and overbroad. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

K.P. was adjudged a ward of the court in July 2012, at the age of 14 years, after she admitted to two counts of petty theft (Pen. Code, § 484, subd. (a)) as alleged in a petition filed by the Tulare County District Attorney pursuant to section 602. She was ordered to serve 90 to 180 days at the Tulare County Youth Treatment Center under various terms and conditions of probation. In July 2013, another section 602 petition was sustained against the minor based upon two admitted misdemeanor offenses: resisting a peace officer (Pen. Code, § 148, subd. (a)(1)) and falsely identifying herself to a peace

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

2.

officer (Pen. Code, § 148.9, subd. (a)). Wardship was continued, and K.P. was permitted to reside with her mother during an additional period of probation.

This appeal concerns a third petition filed against the minor under section 602 in September 2013. The petition alleged a felony violation of Penal Code section 29610 for possession of a firearm, and an infraction under Health and Safety Code section 11357 for possession of marijuana. A contested jurisdictional hearing took place on October 16, 2013, at which time the juvenile court found the underlying allegations to be true, sustained the petition, and then proceeded to the dispositional phase of the case. The court set the maximum period of confinement at three years and ten months, ordered K.P. committed to the Tulare County Youth Treatment Center for a maximum period of 180 days, and imposed numerous other terms and conditions of wardship and probation (see discussion, *infra*). A notice of appeal was filed on November 1, 2013.

## DISCUSSION

### Any Error Committed Under Section 702 Was Harmless

The minor's first assertion of error relates to her violation of Penal Code section 29610. This offense is categorized as a "wobbler," which is legal jargon for a crime punishable at the court's discretion as either a felony or a misdemeanor. (Penal Code, § 29700; *In re Jose T.* (1997) 58 Cal.App.4th 1218, 1220 [interpreting former Penal Code section 12101]; see *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 902 [discussing etymology of the term "wobbler."].) Relying upon section 702, K.P. contends that we must remand her case because the juvenile court never declared whether the offense was a felony or a misdemeanor.

Section 702 provides, in pertinent part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." This statutory language has been interpreted as requiring "an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an

3.

adult." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*).) In addition, the court must "expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony." (Cal. Rules of Court, rule 5.790(a)(1).)

In the adult criminal system, Penal Code section 17, subdivision (b), is the statute that authorizes alternate punishment as a felony or misdemeanor, and such a choice, by the terms of the statute, is made "in the discretion of the court." Section 702 does not refer to the exercise of discretion, but its express declaration requirement serves to ensure that the juvenile court knows whether a particular crime is a wobbler and is aware of its discretion to treat the offense as a misdemeanor rather than as a felony. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1207.) Compliance with section 702 may occur at either the jurisdictional hearing (Cal. Rules of Court, rule 5.780(e)(5)) or the disposition hearing (Cal. Rules of Court, rule 5.790(a)(1)).

"[N]either the pleading[s], the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1208.) However, in the event of noncompliance, the matter need not be remanded if the record shows "that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler. In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error.… The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Id.* at p. 1209.)

At the time of adjudication in this case, the juvenile court expressed its findings thusly: "… [I]n my view she unlawfully possessed these items[,] so the allegation under Count 1, the 29610, felony, she is found true and also the infraction 11357(b)." To the extent this statement fell short of strict compliance with section 702, any error in that

4.

regard was harmless. Our conclusion is based upon a review of the entire record, and the reasons hereafter stated.

The subject petition came on for hearing before the juvenile court on September 11, 2013. At the start of the hearing, counsel for the minor stated: "I'd like to highlight for the Court and the district attorney on the record [that] from reviewing the petition, it appears that Count 1 is a violation of Penal Code 29610, for illegal possession of a concealed weapon, currently charged as a felony. But in reviewing the Penal Code 29700, it appears it should be charged as a misdemeanor. In order to be charged as a felony the minor must have a prior 707(b) type of offense or a prior 29610 conviction." Counsel's argument was meritless (see Pen. Code § 29700, subd. (a)(3)), but it alerted the court to the fact that Penal Code section 29610 is a wobbler.

In subsequent proceedings held on September 16, 2013, K.P. entered a contingent plea to the allegations in the petition. The reporter's transcript reflects the following exchange between the parties and the juvenile court at that time:

"Court:      So to the charge on or about August 29th of the year 2013, you committed the crime of a minor [in] illegal possession of a concealed weapon, a violation of Penal Code section 29610, a felony. You did willful[ly] and unlawful[ly] as a minor possess a weapon that was capable of being concealed on a person; is that true? So it was a kind of a gun that could be concealed on a person?

"[Minor]:    No contest.

"Court:      Huh?

"[Counsel]:  "She would like to enter no contest."

The minor's plea was contingent upon a grant of deferred entry of judgment, which was ultimately denied. The case thus proceeded to a contested jurisdictional hearing, which was held on October 16, 2013. During closing argument, the minor's counsel stated: "Knowing she's a juvenile, [and knowing] she could be punished differently than [her boyfriend], she would expect less repercussions. Since then she's

5.

been brought to court, filed a felony on and received the advice of counsel and she knows it's a different scenario than just covering for your boyfriend and it's a felony that will go on her record…"

Later, as the jurisdictional proceeding segued into a disposition hearing, the juvenile court invited counsel to make any final comments or arguments. Pertinent portions of the discussion which followed between the court and K.P.'s attorney are reproduced below:

"[Counsel]: The facts of this case, the history of my minor is all misdemeanor –

"Court: I'll tell you something, the facts of this case make her situation worse than I thought it was and I seriously thought about – she was away from home for six days.

"[Counsel]: Yes.

"Court: Running around with a guy that probably is using drugs, running around with a guy that's using, that's in possession of weapons and the circumstances are much worse than I thought they were and so the idea that somehow there are mitigating circumstances based on her behavior, I don't think I'm going to buy that.

"[Counsel]: I don't know if there are mitigating circumstances but there's definitely reasonable doubt […]

"Court: I already found those allegations true so the time for arguing that is past.

"[Counsel]: I think that colors whether or not this should be [Penal Code section] 17(b)'d as a misdemeanor.

"Court: You're asking me to find that there's reasonable doubt and I'm not – that's not what the Court has found.

"[Counsel]: I'm not asking for reasonable doubt. I'm asking for [Penal Code section] 17(b), down to a misdemeanor given that –

"Court:       No, no, that's not going to happen. You can argue that if you want to but if you making the argument based on reasonable doubt, that's not what the Court found."

While the juvenile court must declare a wobbler offense to be a misdemeanor or a felony, it is not obligated to state the reasons for its determination. (*In re Jacob M.* (1989) 210 Cal.App.3d 1178, 1180-1182.) Under the harmless error analysis outlined in *Manzy W.*, *supra*, we may affirm the judgment, despite a lack of compliance with section 702, if the entirety of the record discloses evidence that shows the juvenile court "was aware of its discretion to treat the offense as a misdemeanor…." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.) The record excerpts highlighted above, and particularly the discussion about reducing the offense to a misdemeanor pursuant to Penal Code section 17, subdivision (b), provide adequate support for the conclusion that the juvenile court was aware Penal Code section 29610 is a wobbler, understood it had discretion to classify and punish the offense as a misdemeanor, and was disinclined to treat the offense as a misdemeanor given the underlying facts and circumstances of the case. The minor has not carried her burden to establish reversible error.

**The Terms of Probation Are Not Unconstitutional**

K.P. challenges the constitutionality of a probation condition that appears in the juvenile court's written findings and orders. The court utilized a pre-printed, check-the-box style form entitled "Terms and Conditions," which appears to have been adapted from Judicial Council Form JV-624 [Rev. January 1, 2012] (JV-624). Item 8 on the court's form is a verbatim replication of item 9 on JV-624; both state that as a condition of wardship and probation the child must "[n]ot possess, own, or handle any firearm, knife, weapon, fireworks, explosives, or chemicals that can produce explosives."

The minor claims this particular condition of probation is unconstitutionally vague and overbroad because it fails to specify the types of knives she is prohibited from handling, and thus restricts her ability to engage in "everyday, non-criminal activity." She poses a number of rhetorical questions to illustrate her point: "Must K.P. avoid using

7.

a cake knife to cut a piece of cake? Must someone else cut her steak with a steak knife so that she can eat it? Must K.P. eat her breakfast toast dry to avoid using a butter knife?" K.P. further submits that the challenged condition would be constitutional if it were rewritten to state: "Minor is prohibited from possessing or using weapons that are dangerous or deadly as a matter of law or from possessing other instrumentalities that are capable of being used in a dangerous or deadly manner with the intent to so use them."

Respondent concedes the alleged error, and also asks that we modify the probation condition to eliminate vagueness and overbreadth. The following modification is proposed: "[The child must] not possess, own, or use, any object that is a dangerous or deadly weapon, including: firearms, knives, fireworks, explosives, or chemicals that can produce explosives." We do not accept respondent's concession of error, nor do we believe any such modification is necessary.

A reviewing court must use common sense when interpreting terms and conditions of probation. (*In re A.S.* (2014) 227 Cal.App.4th 400, 409.) "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.'" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) The ultimate question is whether an ordinary person would understand what behavior is prohibited by the condition. (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1018.)

According to both parties, the challenged condition is unconstitutional because its restrictions are not explicitly limited to the possession and use of "dangerous or deadly weapons." The terms "deadly or dangerous weapon," "deadly weapon," "dangerous weapon," and the concept of using an object in a "dangerous or deadly" manner, have consistently been interpreted as referring to "the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury." (*In re R.P.* (2009) 176 Cal.App.4th 562, 568.) To argue that the challenged probation condition must be modified to include this qualifying language is to assert that an objectively reasonably person might actually believe the condition prohibits innocent possession of ordinary

food utensils and/or the use of such utensils for their intended purpose.  The proposition is irrational and unconvincing.

In addition to using common sense, we interpret a probation condition in context. (*In re Ramon M*. (2009) 178 Cal.App.4th 665, 678; see also, *In re Noreen G.* (2010) 181 Cal.App.4th 1359, 1374.)  As with the interpretation of a statute, a probation condition will not be held void for vagueness if a "reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources."  (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)  Here, K.P. was found to have committed an offense involving the unlawful possession of a firearm, which is a dangerous or deadly weapon.  (*People v. Rebeles* (1971) 16 Cal.App.3d 952, 956.)  A contextual reading of the challenged condition would lead a reasonable person to believe and understand that it prohibits possession, ownership, or handing of knives only to the extent that such items are dangerous or deadly weapons by design (e.g., a dirk or dagger; see Pen. Code, § 16470) or by virtue of the probationer's wrongful intent.  Eating utensils possessed and used for their intended purpose fall outside the scope of these restrictions.  As so interpreted, the probation condition is not unconstitutionally vague or overbroad.

## DISPOSITION

The judgment is affirmed.