[No. B107974. Second Dist., Div. One. Oct. 30, 1997.]

In re JOSE T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSE T., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert F. Katz and G. Tracey Letteau, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ORTEGA, Acting P. J.**—Teenager Melvin Jones did not have a good day. Defendant fired four shots at the car in which Jones was a passenger, fortunately missing each time. The driver took Jones to his grandmother's house. Later that night, Jones wanted to visit his uncle. Knowing a gang was planning a party nearby, he determined to avoid problems by inconspicuously taking the bus. It was not a wise move. While he waited at the bus stop, defendant and a confederate accosted him and beat him. As Jones fought back, defendant hit him over the head with a handgun and fired two shots. Fortunately, Jones was not shot, although he suffered a head injury that required brief hospital treatment.

Defendant did not leave the general area. Police responding to the scene of the beating found defendant around the corner. Defendant tried to discard the gun when he saw officers approaching.

The trial court sustained a juvenile petition alleging assault with a semi-automatic weapon (count 1), assault by means of force likely to produce great bodily injury (count 2), and possession of a firearm (count 3). The court committed defendant to the Youth Authority.

DISCUSSION

Defendant raises sentencing contentions, which respondent concedes, requiring remand. We agree, except as to the question of whether count 3 is a straight misdemeanor. We find it to be a "wobbler." We remand.

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

■ Count 3 of the petition charged a violation of Penal Code section 12101, subdivision (a)(1). We disagree with both sides that, in the absence of a qualifying prior conviction by defendant, this was a straight misdemeanor. We find the offense to be a wobbler, punishable either as a felony or a misdemeanor.

Penal Code section 12101 originally prohibited possession by a minor of "a pistol, revolver, or other firearm capable of being concealed upon the

*See footnote, *ante*, page 1218.

person" except under certain circumstances (such as when accompanied by a parent). The section also prohibited minors from possessing live ammunition, except under similar circumstances. Violation was a misdemeanor unless the minor had been previously convicted of this or a similar offense.

Penal Code section 12101 now provides in paragraph (1) of subdivision (a) that "[a] minor shall not possess a pistol, revolver, or other firearm capable of being concealed upon the person." The section goes on to list some exceptions, such as hunting, and competitive shooting while accompanied by a parent. Paragraph (1) of subdivision (b) prohibits the possession of live ammunition. Subdivision (b) goes on to provide some similar exceptions.

Penal Code section 12101, subdivision (c), sets forth the appropriate punishment as follows:

"(c) Every minor who violates this section shall be punished as follows:

"(1) By imprisonment in the state prison or in a county jail if one of the following applies:

"(A) The minor has been found guilty previously of violating this section.

"(B) The minor has been found guilty previously of an offense specified in subdivision (b) of Section 12021.1 or in Section 12020, 12220, 12520, or 12560.

"(C) The minor has been found guilty of a violation of paragraph (1) of subdivision (a).

"(2) Violations of this section other than those violations specified in paragraph (1) shall be punishable as a misdemeanor." (Emphasis added.)

The net result of the penalty portion of Penal Code section 12101 is that possession of the qualifying firearm is a wobbler. Possession of ammunition is a misdemeanor, elevated to a felony only with requisite prior convictions. The section so declares by going through the "priors" declarations (which de facto apply only to ammunition) and then pointing back to subdivision (a), paragraph (1) to declare that possession of a qualifying firearm is always a wobbler. The minor was "found guilty of a violation of paragraph (1) of subdivision (a)," and thus is subject to a felony disposition at the discretion of the trial court.

## DISPOSITION

The matter is remanded to the trial court for a new disposition hearing. On count 1, the trial court is to impose only the longer of the two applicable

enhancements. (Penal Code, §§ 12022.5, 12022.7.) On counts 2 and 3, the trial court is to declare orally whether the matters are felonies or misdemeanors. The trial court then shall set the aggregate commitment period. In all other respects, the judgment is affirmed.

Dunn, J.,* concurred.

**MASTERSON, J.**—I concur fully in the published portion of the opinion. As to the portion not published, I concur only in the result.

---

*Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.