Filed 7/3/14  In re A.Z. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re A.Z., a Person Coming Under the Juvenile Court Law. | B249574 (Los Angeles County Super. Ct. No. PJ49647) |
| THE PEOPLE, Plaintiff and Respondent, v. A.Z., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Fred J. Fujioka, Judge.  Affirmed and remanded with directions.

Torres & Torres and Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

A.Z. (appellant), born in 1996, appeals from an order declaring him to be a ward of the court pursuant to Welfare and Institutions Code section 602, upon findings that he was in possession of a firearm (Pen. Code, § 29610, count 2),[1] possession of methamphetamine (Health and Saf. Code, § 11377, subd. (a), count 3), and possession of live ammunition (§ 29650, count 4). The juvenile court ordered appellant into a camp community placement program for nine months with a maximum term of confinement of four years.

On appeal, appellant argues: (1) the evidence was insufficient to support the true finding of possession of methamphetamine; (2) the juvenile court erred when it failed to declare whether possession of a firearm and possession of a controlled substance were felonies or misdemeanors; (3) the juvenile court failed to stay punishment for possession of ammunition pursuant to section 654; and (4) the juvenile court miscalculated appellant's maximum confinement time.

Appellant's sentence for possession of ammunition shall be stayed pursuant to section 654. The matter must be remanded for the juvenile court to exercise its discretion pursuant to Welfare and Institutions Code section 702. In all other respects, the wardship order is affirmed.

## FACTUAL BACKGROUND

**Prosecution Case**

At approximately 1:30 p.m. on March 15, 2013, Los Angeles Police Department Officers Francisco Maravilla and Gus Ramirez were on patrol in the area of Saticoy and Louise Streets in the County of Los Angeles. Officer Maravilla saw a minivan with a defective left taillight and followed it. The minivan was driven by appellant and contained a male and female passenger and a child. Officer Maravilla followed the minivan through side streets and when it failed to stop at a stop sign, he activated the patrol car's lights and siren to signal the driver to pull over. Appellant ignored the lights

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

and siren and did not yield. The minivan eventually turned into a cul-de-sac. As Officer Maravilla approached the minivan, he saw the male passenger throw a black object out the passenger window. Officer Maravilla ordered appellant to stop the minivan and ordered all the occupants out of the van. Appellant got out along with the male passenger. The 10-month-old baby was taken out of the minivan by her mother, the female passenger, Yuvia Linares. Appellant wore a black baseball cap with the lettering "SS Reseda" which Officer Maravilla knew was associated with the Southside Reseda criminal street gang.

Officer Maravilla searched the area where he had seen the passenger throw something and recovered a loaded semiautomatic handgun. Officer Maravilla then searched the minivan and found a black backpack between the front seats, closer to the driver's seat. The backpack contained a usable amount of methamphetamine, a scale and pipe with methamphetamine residue, and a tobacco pipe. A .22-caliber revolver loaded with two live rounds of ammunition was found underneath the backpack. Officer Ramirez found a black cellular telephone on the floorboard of the minivan closest to the driver's side.

Officer Maravilla advised appellant of his *Miranda*[2] rights at the police station. Appellant knowingly waived his rights and agreed to be interviewed. Appellant stated the black backpack belonged to the passenger in the minivan. Appellant stated he did not know what was in the backpack but stated it was "possibly guns and drugs."

**Defense Case**

Yuvia Linares was appellant's best friend. On March 15, 2003, appellant asked her to meet him for breakfast. Linares took her 10-month-old daughter with her and drove her mother's minivan to McDonald's. She did not see appellant with a black backpack or a gun. When they left McDonald's, Linares pulled over and asked appellant to drive because she wanted to fix a bottle for her daughter. Appellant drove to "Kevin's place." Linares did not know how the black backpack came to be in the minivan.

---

[2]     See *Miranda v. Arizona* (1966) 384 U.S. 436, 444-445.

3

**DISCUSSION**

**I. Possession of Methamphetamine**

Appellant contends there is insufficient evidence he possessed methamphetamine. We disagree.

In an "appeal challenging the sufficiency of the evidence to support a juvenile court judgment sustaining the criminal allegations of a petition made under the provisions of section 602 of the Welfare and Institutions Code, we must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal. Under this standard, the critical inquiry is 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] An appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence–that is, evidence which is reasonable, credible, and of solid value– such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citations.] In reviewing the evidence adduced at trial, our perspective must favor the judgment. [Citations.] 'This court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citation.] If the circumstances reasonably justify the trial court's findings, reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.]'" (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371-1373; see *In re Cesar V.* (2011) 192 Cal.App.4th 989, 994-995 [same].)

To prove appellant possessed methamphetamine, the juvenile court had to find: "(1) defendant exercised control over or had the right to control an amount of methamphetamine; (2) defendant knew of its presence; (3) defendant *knew of its nature as a controlled substance*; and (4) the substance was in an amount usable for consumption." (*People v. Tripp* (2007) 151 Cal.App.4th 951, 956.) Appellant challenges

4

the first and second elements only. Each of these essential elements may be proved by circumstantial evidence and any reasonable inferences drawn from the evidence. (*People v. Williams* (1971) 5 Cal.3d 211, 215.)

Appellant contends he did not "personally possess" the methamphetamine and that it belonged to the front passenger. Aside from appellant's self-serving statement to the police while in custody, there is no other evidence to support appellant's contention. On the other hand we "must accept logical inferences that the [fact finder] might have drawn from the circumstantial evidence." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358.) The backpack was found next to appellant's seat in the minivan, closer to him that the other passengers. The juvenile court could easily infer that appellant brought the backpack into the minivan and placed it next to his seat, thus establishing that appellant had actual possession of the backpack shortly before he was stopped by the police. (See *People v. Rushing* (1989) 209 Cal.App.3d 618, 622 [possession need not be actual or exclusive]; *People v. Newman* (1971) 5 Cal.3d 48, 52, overruled on other grounds in *People v. Daniels* (1975) 14 Cal.3d 857, 862 [possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another].)

Further circumstantial evidence from which the juvenile court could find that appellant had constructive possession of the drugs and exercised control over them can be seen from the passengers' actions. The juvenile court could infer that each person in the minivan took responsibility for and maintained control over his or her own belongings. Linares testified that she asked appellant to drive the minivan because she wanted to feed her baby. Her purse and diaper bag were in the middle of the van. As appellant led the police on a slow-speed chase and ignored Officer Maravilla's orders to pull over, the front passenger threw his handgun out the window of the minivan. It can be inferred from this action that the passenger feared being caught with a gun. The passenger made no attempt to hide or confiscate in any manner the equally incriminating backpack and

5

other gun beneath the backpack. The logical inference is that the passenger was unaware of the second gun and the contents of the backpack. The location of the backpack in close proximity to appellant in the driver's seat and the front passenger's indifference to its presence are evidence supporting the juvenile court's finding of appellant's constructive possession.

In addition to presence and access to the backpack, there was further evidence from which the juvenile court could infer dominion and control over the backpack. Appellant demonstrated his consciousness of guilt by refusing to stop when ordered to do so by Officer Maravilla. Appellant ignored the patrol car's lights and siren and stopped only when he turned into a cul-de-sac. Appellant did not want to be apprehended with a backpack that contained methamphetamine. (See *People v. Tripp, supra,* 151 Cal.App.4th at p. 956 ["knowledge of a substance's narcotic nature may be shown by evidence of the defendant's furtive acts and suspicious conduct indicating a consciousness of guilt, such as an attempt to flee"].) When questioned by Officer Maravilla regarding the backpack found in the minivan, appellant denied ownership but guessed that it contained "possibly guns and drugs." While appellant's statement was not an admission sufficient to prove possession, it was an accurate if imprudent guess under the circumstances. The "necessary additional circumstances [to support an inference of possession] may, in some fact contexts, be rather slight." (*People v. Zyduck* (1969) 270 Cal.App.2d 334, 336.)

Substantial evidence supported the juvenile court's finding because the totality of the evidence supported an inference that appellant knew of the backpack's presence and exercised dominion and control over the methamphetamine inside it.

## II.     Determination of Offenses as Felonies or Misdemeanors

Appellant contends the case should be remanded because the juvenile court failed to exercise its discretion and declare whether the true findings for possession of a firearm and possession of methamphetamine constituted felonies or misdemeanors. The People

concede the argument. We agree with the parties and remand this case so the juvenile court may exercise its discretion.

Welfare and Institutions Code section 702 provides that, in a juvenile proceeding, "[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court *shall* declare the offense to be a misdemeanor or felony." (Italics added.) "The requirement is obligatory" and "requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*).)

A juvenile court's failure to make the required declaration under Welfare and Institutions Code section 702 does not automatically require a remand of the matter to the juvenile court. The record in a given case "may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler." (*Manzy W., supra,* 14 Cal.4th at p. 1209.) If so, the failure to make an explicit declaration would be harmless error. Therefore, "[t]he key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Ibid.)*

Possession of a firearm by a minor is a "wobbler" offense, punishable alternatively as a felony or a misdemeanor. (§ 29610; *In re Jose T.* (1997) 58 Cal.App.4th 1218, 1220 interpreting former section 12101.) Similarly, possession of methamphetamine, a violation of Health and Safety Code section 11377, is also a "wobbler" offense. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 980.)

Here, the March 2013 Petition alleged the possession of a firearm and the possession of a controlled substance to be felonies. But, filing a Welfare and Institutions Code section 602 petition alleging a "wobbler" offense as a felony is insufficient to show that the juvenile court made the required Welfare and Institutions Code section 702 finding, as the contents of the petition are in the hands of the prosecutor, not the court.

7

(*Manzy, supra,* 14 Cal.4th at p. 1207; *In re Kenneth H.* (1983) 33 Cal.3d 616, 619-620.) As the Attorney General concedes, it is unclear whether the juvenile court knew that the adjudicated offenses were "wobblers" and that it had the option of determining the offenses to be misdemeanors or felonies.

We have carefully reviewed the entire record and find nothing that gives any assurance that the juvenile court was aware of its obligations under Welfare and Institutions Code section 702. During the disposition hearing, the juvenile court said nothing reflecting such awareness. Consequently, this matter must be remanded for the juvenile court to exercise its discretion pursuant to Welfare and Institutions Code section 702.

### III.    Section 654–Possession of Firearm and Ammunition

Appellant contends his punishment for possession of ammunition by a minor should have been stayed pursuant to section 654. The People concede this contention. We agree.

Section 654 provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. [Citation.] Whether a course of conduct is indivisible depends upon the intent and objective of the actor." (*People v. Perez* (1979) 23 Cal.3d 545, 551 (*Perez*).) "A trial court's implied finding that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if it is supported by substantial evidence." (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

As the court in *Perez* explained, the purpose of section 654's protection against multiple punishments is to ensure that the defendant's punishment will be commensurate

with his culpability.  (*Perez, supra*, 23 Cal.3d at p. 551.)  The court in *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), ruled that separate punishments for possession of a firearm and possession of ammunition inside the gun violated section 654.  The court reasoned that since all of the ammunition was loaded into one firearm, both offenses comprised an indivisible course of conduct.  (*Lopez, supra,* 119 Cal.App.4th at pp. 137-138.)

Here, appellant possessed two .22-caliber bullets which were loaded in the handgun he possessed.  Appellant had the same objective in possessing the firearm and ammunition and his sentence for possessing ammunition should be stayed pursuant to section 654.  (*Lopez, supra,* 119 Cal.App.4th at p. 138.)

**IV.     The Juvenile Court Miscalculated Appellant's Maximum Confinement Time**

Appellant contends the juvenile court improperly calculated his maximum period of confinement.  The People concede.  We agree, and for the reasons set forth below find that appellant's maximum confinement time is three years and eight months.

The maximum time for possession of a firearm is three years.  (§§ 1170, subd. (h) & 29700, subd. (a)(3).)  A consecutive term for possession of a controlled substance is eight months, calculated as one-third of the two-year midterm.  (§ 1170, subd. (h); Health & Saf. Code, § 11377, subd. (a).)  Appellant's maximum period of confinement must be calculated without considering any offenses for which punishment is stayed under section 654 (*In re David H.* (2003) 106 Cal.App.4th 1131, 1137-1138), and therefore appellant's consecutive four-month term for possession of ammunition is stayed.

## DISPOSITION

We remand with directions to the juvenile court to exercise its discretion to declare on the record whether the offenses of possession of a firearm and possession of methamphetamine are felonies or misdemeanors as required by Welfare and Institutions

Code section 702. The juvenile court is directed to issue a new order indicating that the sentence on count 4 for possession of ammunition is stayed pursuant to section 654. In all other respects the wardship order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J. *

FERNS

We concur:

_____, P. J.

BOREN

_____, J.

ASHMANN-GERST

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10